GEORGE F. SEAVEY & another *vs.* CENTRAL MUTUAL FIRE INSURANCE COMPANY.

In an action upon a policy of fire insurance on an engine and machinery "contained in a building on A. Street, and for the manufacture of tin ware," it appeared that among the articles damaged by fire in said building were six hundred dies of iron or steel used to give form to various utensils manufactured by the assured; that these dies were used in presses, one pair only being used at a time, and the others kept on shelves; and that the dies were not fitted to any particular presses. The assured contended that there was a custom to include dies in the term machinery, but no such custom was found by the judge, who tried the case without a jury, to exist. *Held*, that the dies were covered by the policy.

CONTRACT upon a policy issued by the defendants to the plaintiffs, insuring them against loss by fire on the following described property: " Their engine and machinery contained in a two-story frame building, with slated French roof, situated on Court Street, near Broadway, Cambridgeport, and for the manufacture of tin ware, sheet iron, japanned and fancy painted ware." At the trial in the Superior Court, before *Devens*, J., without a jury, the following facts appeared:

The plaintiffs claimed for damage to 642 forming and cutting machines; these so called forming and cutting machines were dies made of iron or steel and used to give form to various utensils manufactured by the plaintiffs in said building. They were used in or with cutting, screw and drop presses, only one set or pair of dies being used in the press at the same time, and the dies being removed from the press and others substituted in their place as often as utensils of different sizes were to be made. The dies and presses were manufactured by different manufacturers and purchased of different persons. When not in use the dies were deposited and kept on shelves quite apart from the presses, and were not fitted to particular presses but could be used with any presses of the same kind. Evidence was offered by the plaintiffs and admitted by the judge, against the defendants' objection, to prove that there was a custom among the insurance companies doing business in this Commonwealth, to include dies under the term "machinery;" but the judge found that no such custom was found to exist. The defendants requested the judge

to rule that dies were not included in the description of property in the policy; but the judge declined to make that specific ruling or any other upon that subject, and found as follows: " The court finds for the plaintiffs, and assesses damages in the sum of $400 and interest from the date of the writ, and also finds as damages to dies the sum of $800 and interest from the date of the writ;" rendered a verdict for $1200 with interest from the date of the writ; and, by the consent of parties, reported the case for the consideration of this court. If the court should be of opinion that the dies were improperly included, the verdict to be reduced to the sum of $400 and interest from the date of the writ.

*P. E. Aldrich*, for the defendants.

*B. E. Perry & S. W. Creech*, for the plaintiffs.

AMES, J. It appears to us that the word "machinery," as used in this policy, does not mean exactly the same thing as the word "machine," and that an insurance of the plaintiffs' machinery for the manufacture of tin ware, &c., must be understood to cover all the essential parts of the machinery. The dies were not, strictly speaking, machines, but it was by the use of the dies that the plaintiffs cut out and gave shape to the articles which they were manufacturing. The presses and machines, strictly so called, were used for the purpose of operating these dies. The fact that the dies were movable, and that they were changed whenever any change of shape in the article to be manufactured rendered it necessary, is no reason why they should not be considered indispensable parts of the machinery. The machine could not be usefully operated at that stage of the manufacture without a die. A planing, or grooving, or reaping machine would be nothing without the cutting instrument which is operated by it. The exigencies of business might from time to time require changes of this cutting instrument, and while actually fitted and in use it would undoubtedly be a part of the machine. In a policy of this kind the word machinery may fairly be held to cover all instruments intended to be operated exclusively by machinery in the business of the assured, and which are so operated from time to time, in the regular and ordinary prosecution of the business described or referred to in the policy.

This construction of the policy, in the case before us, is to be understood to be confined to such dies as made a part of the instrumentalities of the plaintiffs' business, and were from time to time in actual use as such, in connection with or operated by their presses or other machinery in the manufacture of the articles in which they dealt.

In *Pierce* v. *George*, 108 Mass. 78, it was held that the wheels of a polishing machine were to be considered as parts of the machine, notwithstanding that they could be detached without injury.          *Judgment affirmed for the larger sum.*