# Georgia Pacific Railway Co. *v.* Brooks.

*Action against Railway Company for Personal Injury.*

1. *Railroad company; injury to employe.*—An injury in the eye, received by a railroad employe, caused by a scale flying from the iron rail of the track, when struck with a *hammer*, in which *hammer* there was an alleged defect, by a co-employe who was attempting to drive an iron spike, is not an injury "caused by reason of any defect in the

[Georgia Pacific Railway Co. v. Brooks.]

condition of the ways, works, *machinery* or plant connected with or used in the business of the master or employer."—(Code, 1886, § 2590, subd. 1.)

APPEAL from Birmingham City Court.
Tried before Hon. H. A. SHARPE.

JAMES WEATHERLY, for appellant.

HEWITT, WALKER & PORTER, *contra*.

CLOPTON, J.—The action is brought by appellee to recover damages for an injury suffered while a workman in the service of the appellant. Plaintiff's counsel admit that the suit is instituted and the complaint framed, under the first sub-division of section one of the act of February 12, 1885, entitled an act "To define the liabilities of employers of workmen for injuries received by the workman while in the service of the employer," which with some verbal changes, constitutes section 2590 of Code 1886. In order to maintain the action the plaintiff must bring himself within the purview of the act. By the first sub-division of the section, the master or employer is made liable to answer in damages to a servant or employe as if he were a stranger, and not engaged in such service or employment; "when the injury is caused by any defect in the condition of the ways, works, machinery, or plant connected with, or used in the business of the master or employer." It is further provided in a subsequent part of the section, that the master or employer is not liable under this sub-division, unless the defect therein mentioned arose from, or had not been discovered or remedied, owing to the negligence of the master or employer, or of some person in the employment of the master or employer and entrusted by him with the duty of seeing that the ways, works, machinery or plant were in proper condition. There is no pretense that the defect complained was in either the ways, works or plant. The point of contention is, what is meant by machinery as employed in the act.

In construing words used in a statute, reference should be made to the subject of legislation, and if they have acquired a defined, popular signification when referable to such subject, the presumption is, that they were used in such sense by the legislature. A machine is a piece of mechanism, which, whether simple or compound, acts by a combination of mechanical parts, which serve to create or apply power to

produce motion, or to increase or regulate the effect. As used in the patent act, it has been defined to be, "a concrete thing, consisting of parts, or of certain devices or combination of devices."—*Burr v. Burgwee*, 1 Wal. 531. Primarily, machinery means the works of a machine—the combination of the several parts to put it in motion. But, we do not understand that the term was used in the statute in its primary sense, but having a more enlarged signification, should be construed as so used, nothing appearing to show that it was intended to be used in its primary or restricted sense. Thus understood, the term machinery embraces all the parts and instruments intended to be, and actually operated from time to time, exclusively by force created and applied by mechanical apparatus or contrivance, though the initial force may be produced by the muscular strength of men or animals, or by water or steam, or other inanimate agency.—*Seavy, v. Ins. Co.*, 111 Mass. 540. The carding, spinning and weaving machines, together with the instrumentality by which the prime motive power is created or applied, constitute the machinery of a cotton mill. When cars, though used at times, and at other times detached, are formed into a train, to which the propelling force is imparted by means of a locomotive, the entire train constitutes machinery, connected with or used in the business.

The circumstances and cause of the injury are alleged in the complaint substantially as follows: The plaintiff, who was working under the control and directions of W. C. Burton, to whom the defendant had entrusted the superintendence of the work, had raised a cross-tie by means of a pinch-bar to the iron rail on the track of the railroad, and was holding it in place, while another employe of the railroad, who was also working under the control and directions of Burton, endeavored to drive an iron spike with a hammer furnished by defendant for that purpose; and owing to a defect in the hammer, or in the handle thereof, the co-employe missed the spike, and struck the iron rail with such force as to cause a scale to fly therefrom, which struck and put out plaintiff's eye. The complaint further avers, that the defect in the hammer arose from the negligence of an employe of defendant who was entrusted with the duty of seeing that it was kept in proper condition, and that the defect could, and would have been discovered by the exercise of ordinary care and diligence. A hammer is a tool or instrument ordinarily used by one man in the performance of manual labor. It

may be made an essential part of machinery when intended to be, and is operated by means thereof; but when disconnected from any other mechanical appliances, and operated singly by muscular strength directly applied, such tool or instrument is not machinery in its most comprehensive signification, or in the meaning of the statute.

The plaintiff is not entitled to recover on the complaint as framed, and the demurrer thereto should have been sustained. It is unnecessary to consider the other questions raised, as they can not again arise.

Reversed and remanded.