## LUND v. HERSEY LUMBER CO.

*(Circuit Court, D. Minnesota. January 6, 1890.)*

1. MASTER AND SERVANT—NEGLIGENCE OF VICE-PRINCIPAL.
    The master is liable for the negligence of his foreman, ordered to remove a barge from the water without directions as to means, in selecting unsafe ropes, by the breaking of which a laborer was injured.

2. SAME—FELLOW-SERVANTS.
    The foreman and superintendent, though present and assisting in removing a barge from the water, are not fellow-servants of a laborer injured by the breaking of a rope, in the selection of which the foreman was negligent.

At Law. On motion for new trial.

*Henry J. Gjertsen* and *John W. Arctander*, for complainant.

*Warner & Lawrence*, for defendant.

NELSON, J. This was a suit brought to recover for personal injuries. I have considered the motion for a new trial in the above-entitled case. Except in regard to the extent of plaintiff's injury, there is very little disagreement about the facts. The defendant is a foreign corporation, doing business on the St. Croix, in rafting and manufacturing lumber, and has a mill at Stillwater, in Minnesota. Its officers and directors reside outside of the state, and it has a superintendent in managing its business in this state, by name, Campbell. It has foremen, having charge and control over its several branches of business. Lynch was the foreman of the men employed about the Lake St. Croix, in rafting the logs and managing a barge called "Headworks." At the close of the season in 1887, all the men were discharged, except a few who were retained to take charge of the property, and house it for the winter. Lynch was one of the men retained, and was ordered by Campbell to haul the barge Headworks out of the water, on the ways; and no special instruction was given him as to the manner of hauling it out, and what appliances should be used. The defendant, in its saw-mill, had chains and ropes, old and new, and blocks and tackle. Lynch, when ordered by Campbell, went with another employe to the mill and procured blocks, tackle, and ropes, and attached them to the barge, and the platform above the ways, so that the barge could be hauled up by turning the capstan. When everything was ready the plaintiff, who was working about the mill, was sent down by Campbell to assist in turning the capstan. At the first trial the rope broke; and Lynch took one Brigham, an employe, with him, and procured another rope, which was fixed in the blocks. At that time Campbell, who was not present when the appliances were procured by Lynch, came down the ways, passed the tackling and ropes onto the barge without making any objections, and, when Lynch gave the word "ready," aided in hauling it up. Before the barge was half-way up the rope in the tackling broke; and as the barge slid down, and the capstan began to reverse, the plaintiff was struck by one of the handles, and thrown overboard, and in falling struck his foot against some part of the capstan, or one of the handles, and was injured. The suit

is brought to recover damages for the injuries sustained, as claimed, by the negligence of defendant in furnishing an unsafe, unsound, and insecure rope.

Campbell was undoubtedly the "*alter ego*" of the corporation. His acts and omissions were those of the corporation. The rule is absolute that a master is bound to use all reasonable care and diligence in furnishing to those in his employ, for their use in his work, sound and suitable instrumentalities and appliances. He cannot relieve himself of liability for its omission by delegating its performance to another, or, having required work to be done, by omitting precautions and inquiries as to the manner of its performance. He is ordinarily chargeable with knowledge of the means to be employed in performing his work. When the selection of these means is delegated to an employe, the latter stands in his place in discharging these duties. If this employe neglects his duty, it is chargeable to the master. If the master is ignorant of defects in the instrumentalities used by employes in performing his work, this is no defense to an action by the employe, when injured by them, when, by the exercise of proper care and inspection, the master could have discovered and remedied the defects, or avoided the danger incident therefrom. It was claimed on the trial, and the testimony tended to show negligence on the part of Campbell and Lynch, who was given unlimited authority to procure the appliances for hauling up the barge. Lynch was not an independent contractor. He was a servant of the defendant; and he did not furnish the rope and tackle for hauling the barge out of the water in the course of an independent occupation, representing the will of his employer only as to the result of his work. But when he procured the rope he represented the defendant as to the means by which the barge was to be hauled out onto the ways. And this is the test to determine whether the one who renders the service is an independent contractor, or a servant to whom is delegated the performance of a duty personal to his master, and for whose negligence, in such case, his master is responsible. The case was very fairly and properly presented to the jury, to determine, upon the evidence, the issues presented by the pleadings. The complaint charges that the negligence of the defendant consisted in furnishing an unsafe, insecure, and defective rope; and there was testimony tending to show such carelessness.

It is urged that Campbell and Lynch were the fellow-servants of Lund, and that the defendant is not liable to the plaintiff for an injury sustained by their negligence. It is true they both aided in operating the appliances furnished; but the injury was not occasioned by the carelessness of either in operating the block and tackle. The negligence, as claimed, consisted in performing a personal duty of the master, which had been intrusted to them; and while in the performance of this duty they were not mere co-laborers and co-employes of the plaintiff, who was injured. I cannot disturb the verdict of the jury, and declare the damages excessive. The motion for a new trial is denied.