# Clements *v.* Alabama Great Southern Railroad Co.

*Action against a Railroad Company by Employe to recover Damages for Personal Injuries.*

1. *Action against railroad company; steel bar used by section hand not within the provisions of the employer's liability act.*—A steel bar used by a section hand on a railroad, being

[Clements v. Alabama Great Southern Railroad Co.]

disconnected from any other mechanical appliance and operated by muscular strength directly applied, is not machinery within the meaning of the statute, (Code, § 1749, subd. 1), which makes the employer liable for injuries caused to employes "by reason of any defect in the condition of tne ways, works, machinery or plant connected with or used in the business of the master or employer."

2.  *Same; sufficiency of complaint.*—In an action by an employe against a railroad company for damages sustained while in its employment as a section hand, a count is demurrable for an improper joinder of causes of action, which alleges that the injury was caused, (1) by defects in the ways, works and machinery of the defendant; and, (2) by reason of the negligence of a person in the employment of the defendant to whose orders the plaintiff, at the time of the injuries, was bound to conform and did conform, which injuries resulted from having so conformed to said order.

3.  *Employer and employe; duty of employer in furnishing appliances.*—While an employer is under a duty to his employe to use due care and diligence in selecting and providing safe and suitable appliances for the employe, he does not guarantee that such appliances shall be free from defects, or that they shall be the best in use, and is not the insurer of their safety; and tnerefore, if a servant is injured by defects in the appliances, he must show that the employer negligently failed to use ordinary care and prudence in the selection of the appliances, or that he negligently failed to exercise such care in keeping them in repair.

4.  *Same; same; sufficiency of complaint.*—In an action by an employe against an employer to recover damages for personal injuries, a count of the complaint, which, after averring the injury complained of, then alleged that said injury resulted from the fact that "defendant did not provide good, proper and suitable tools or implements with which to do the work which the plaintiff was performing for the defendant," etc., does not state a sufficient cause of action, and is demurrable.

APPEAL from the Tuscaloosa Law and Equity Court. Tried before the Hon. J. J. MAYFIELD.

This action was brought by the appellant, Newton J. Clements, against the Alabama Great Southern Railroad Company, to recover damages for personal injuries, alleged to have been sustained by the plaintiff while he was in the employment of the defendant, and in the

discharge of his duties as such employe. The accident resulting in the injuries complained of occurred on a trestle or bridge along the line of defendant's railroad.

The complaint contained nine counts. It was averred in each of the counts of the complaint that the plaintiff was in the employment of the defendant as a member of a bridge crew, and after having repaired the bridge and while attempting to put the track in alignment by using a steel bar for the purpose, in order to prize the rail into line, he was thrown from the trestle or bridge a distance of 30 feet from the ground, suffering the injuries complained of. It was also averred in several of the counts of the complaint that one Mike Staples was the superintendent or foreman of the bridge crew of which plaintiff was a member. The averments contained in the first, second, third and fourth counts of the complaint are sufficiently stated in the opinion. In the fifth count of the complaint the negligence averred was as follows: "And the plaintiff avers that he was thrown from the said bridge or trestle, as aforesaid, and suffered all of the injuries hereinbefore mentioned by reason of the negligence of said Mike Staples, in allowing said steel bar to be and remain in a blunt, dull, defective condition; that the plaintiff was at that time bound to conform, and did conform, to the order or directions of the said Mike Staples, and that said injuries resulted from his having so conformed." The charge of negligence complained of in the eighth count is sufficiently stated in the opinion. Under the opinion on the present appeal is it unnecessary to refer to the sixth, seventh and ninth counts of the complaint.

The defendant demurred to each of the counts of the complaint. The only ground of the demurrer interposed to the first four counts of the complaint which is necessary to be noticed on the present appeal, is stated in the opinion. To the fifth count the defendant demurred on the ground that it attempts to combine within itself an action under sub-division 1 of section 1749 of the Code, with an action under sub-division 3 of said section.

To the eighth count the defendant demurred upon the following grounds: "1. For that said count fails to al-

[Clements v. Alabama Great Southern Railroad Co.]

lege that the steel bar which was being used by the plaintiff was not a proper tool or instrument with which to do the work in which he was engaged.

"2. For that said complaint shows that the damages claimed thereunder are too remote and not the natural proximate result of the defendant failing to furnish good and proper tools." The court sustained each of the demurrers interposed to the several counts of the complaint, and the plaintiff declining to plead further, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court in sustaining the demurrers to the several counts of the complaint.

ROBISON BROWN and HENRY A. JONES, for appellant, cited *Southern R. Co. v. Shields*, 121 Ala. 460.

SMITH & WEATHERLY, *contra.*—When a suit is under sub-division 1 of section 1749 of the Code to the effect that the injury occurred by reason of a defect in the ways, works and machinery, it must also allege that the defect arose from, or was not discovered, or remedied owing to the negligence of the defendant, etc.—*B'ham. Ry. & El. Co. v. Baylor*, 101 Ala. 488 (495); *M. & O. R. R. Co. v. George*, 94 Ala. 199, 215; *Seaboard Manufg. Co. v. Woodson*, 94 Ala. 143, 146. An averment in the complaint that the defendant knew of the defect, or might have known by the exercise of reasonable diligence, without more is not sufficient. Mere knowledge, without the opportunity to act on it, would not constitute negligence.—*Seaboard Mfg. Co. v. Woodson*, 94 Ala. 143, 147.

The steel bar mentioned in this complaint is not a part of the ways, works and machinery of the defendant.—*Ga. Pac. Ry. Co. v. Brooks*, 84 Ala. 138; *B'ham. Foun. & Mach Co. v. Gross*, 97 Ala. 220, 229.

Negligently allowing a switch to be opened is not a defect in the ways, works and machinery.—*B'ham. Ry. & El. Co. v. Allen*, 99 Ala. 359, 367; *Mary Lee Co. v. Chambliss*, 97 Ala. 171, 176.

The complaint shows that the defect, if one existed, was obvious and open to ordinary observation. Such

being the case, the complaint is subject to demurrer. Bailey on Masters Liability, pp. 145, 172, 177, 179, 180; *Wilson v. R. R. Co.*, 85 Ala. 269; *Hall v. R. R. Co.*, 87 Ala. 708; *R. R. Co. v. Boland*, 96 Ala. 626; *Turvaville v. E. T. V. & G. Ry. Co.*, 97 Ala. 122; *A. G. S. R. R. Co. v. Roach*, 23 So. Rep. 52; *Davis v. Western Ry. Co.*, 107 Ala. 626.

TYSON, J.—This appeal is prosecuted by the plaintiff in the court below from a judgment sustaining a demurrer to his complaint. The complaint contains several counts. The first, second, third and fourth counts are attempted to be framed under the first sub-division of section 1749 of the Code. In each of them a defect in a steel bar used by the plaintiff in prizing up a rail on the defendant's track, is the alleged cause of his injury. In count 1 it is alleged that the injury was caused by reason of a defect in the bar, which was dull and blunt at the end instead of being sharp. In count two the allegation is that the injury was caused by the bar slipping off of or along the timber, because said bar was in a defective condition; to-wit, the end of it was not sharp, but blunt and dull. Count 3 alleges that his injury was suffered in consequence of the negligence of one Staples, whose duty it was to see that the bar was in good condition, in allowing said bar to be and remain in a dull, blunt, defective condition.

The fourth count charges that the superintendence of the work which the plaintiff was doing for the defendant at the time of his injury was entrusted to one Staples, and he, in the exercise of such superintendence, allowed the bar used by the plaintiff to get out of order by becoming dull and blunt and to so remain.

Among the numerous grounds of demurrer assigned to each of these counts it is only necessary to refer to one, which is fatal to plaintiff's right of action as counted upon in each of them. This assignment is that these counts fail to show any cause of action against the defendant, in that they show that the injury complained of was not due to any defect in the condition of the ways, works, machinery or plant connected with or used in the business of the defendant. In other words,

the steel bar being "disconnected from any other mechanical appliances, and operated singly by muscular strength directly applied," is not machinery in the meaning of the statute.—*Ga. Pac. R. Co. v. Brooks*, 84 Ala. 138; *Birmingham Fur. & M. Co. v. Gross*, 97 Ala. 220.

It is sufficient to say of the fifth count that it improperly sets forth two separate causes of action—one cause of action under sub-division 1 and the other under sub-division 3 of section 1749.—*H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413; *R. & D. R. R. Co. v. Weems*, 97 Ala. 270.

It is clear that the eighth count does not state a cause of action under section 1749 of the Code. The question is whether it states a good cause of action at common law. The *gravamen* of this count is "that defendant did not provide good, proper and suitable tools or implements with which to do the work, which the plaintiff was performing for the defendant, but only the said steel bar as aforesaid." The employer, while under the duty to use due and reasonable care and diligence in selecting and providing safe and suitable appliances for the employee, does not guarantee that they shall be free from defects or the best in use, and is not the insurer of their safety. The test in all cases involving the question is, whether or not the employer *negligently* failed to use ordinary care and prudence in the selection of the appliances. Without negligence there can be no liability. Wood's Master & Servant (2d ed.) § 326, and notes. "The master's liability is based upon his *personal negligence,* hence, in all cases the evidence must establish personal fault, or what is equivalent thereto, on his part."—*Ib.* § 345.

"There is no implied warranty on the part of a master that the tools furnished his servant are sound and fit for the purposes intended. He is only bound to use proper care in providing them. That a master might have known, by the use of ordinary care and diligence, that a tool furnished his servant for use was defective, is not sufficient to make him liable for the injury resulting from its use, irrespective of any probability of harm

or danger in using it."—*Little Rock & Fort Smith Railroad Co. v. Duffy*, 35 Ark. 602.

Wood in his work on Master and Servant in section 346 uses this language: "The measure of the master's duty is to exercise due care in providing instrumentalities for the servant in the prosecution of the business, and *prima facie* he is presumed to have done so, and if he has in fact done so [that is, has exercised due care], no liability attaches for defects therein, either in machinery, materials, buildings, or other appliances, unless *negligence* can be imputed to him in reference to their examination and repair. * * * Therefore, if a servant is injured by defects in the instrumentalities of the business, he must show *some* fault on the part of the master, as that he did not use ordinary care in providing them originally, or that he did not exercise such care in keeping them in repair."

In *Northcoate v. Bachelder*, 111 Mass. 322, it is said: "The law implies only that he shall do what a man of ordinary care might reasonably be expected to do, taking into account all the circumstances of the case, to guard the servant against the particular peril incurred. *He* is not *an absolute insurer, and as such answerable for the result, but he is only answerable for negligence.*"—See Wood on Master and Servant, § 410, note 2, p. 803; *Ib.* § 411; 1 Bailey Personal Injuries, Master and Servant, §§ 99, 106.

It is also a well established principle that "unless there has been reasonable time and opportunity to remedy the defect in appliances after discovery thereof, the failure so to do cannot be negligence. Mere knowlelge without opportunity to act on it would not constitute negligence."—1 Bailey Personal Injuries, Master and Servant, § 454 a, p. 155, and authorities cited in note.

These principles were announced and enforced by this court in the case of *M. & O. R. R. Co. v. Thomas*, 42 Ala. 672, which was an action at common law, prior to the enactment of the Employer's Liability statute. In that case, which was an action by the employe, charging negligence of the defendant in running an engine out of

order, unsafe and unfit for use, the court, speaking through Chief Justice WALKER, said: "When passengers on a railroad are injured in consequence of a defect in any instrument employed by it, it is a presumption, disputable but not conclusive, that the injury resulted from negligence. * * * But the same principle does not prevail in reference to servants of a railroad, as we shall see. *The established doctrine* of the law unquestionably is, that the *onus* of proving negligence is upon the injured servant. * * * The charge here, however, was not that the *onus* of proof of care and diligence was upon the defendant, but that it was *cast* upon it by a failure to have a *suitable* and *proper* engine. It bases the proposition that the *onus* of proof is shifted to the defendant upon the assumption of its *absolute* duty to have a *suitable* and *proper* engine, as contradistinguished from its duty to use due and proper care and diligence to have such engine. Does the law impose upon a railroad corporation such absolute duty to its servants, or does it only impose the duty of using due diligence to have a suitable and proper engine? * * * We can perceive no reason to support the conclusion that the badness of the engine could create the presumption of negligence, and have the effect of shifting the *onus* of proof from the servant to the carrier." The learned Chief Justice, after commenting upon the decisions in a number of cases from other states and in England, bearing upon the question he had under consideration, concludes with this re-statement of the proposition: "It is not an absolute duty of a railroad to furnish a suitable and safe engine. It is its duty to use due care and diligence to furnish such engine," etc. Among the numerous cases cited approvingly are *Buzzelle v. Laconia Manufacturing Co.*, 48 Maine, 113, where it was held that the master's liability depended upon negligence and want of care, and "the declaration was held defective for lack of an averment that the insufficiency of the bridge was known to the defendant, or would have been known but for the want of proper care and diligence"; and *Noyes v. Smith & Lee*, 28 Vt. 59, where "it was decided that there does not arise from the relation of mas-

[Clements v. Alabama Great Southern Railroad Co.]

ter·and servant the duty of 'furnishing an engine, well' constructed and safe to the engineer, and that when there was no actual notice of defects in an engine, and no personal blame exists on the part of the master, there is no implied obligation on his part that the engine is free from defect, or that *it can safely be used by the servant.*"

In *Smoot v. Railroad Co.*, 67 Ala. 13, it was said: "The appellant [Railroad Company] cannot be made liable, unless negligence can be imputed to it. The burden of proving such negligence rests upon the appellee [Smoot]. It is the indispensable element of his right of recovery—the very *gravamen* of his complaint. Inferences of it cannot be drawn from the fact of injury, and from the unfit and unsafe condition of the car. This is the established doctrine, distinguishing the case of a servant, claiming damages for injuries resulting from negligence, and passengers, who can recover upon a presumption of negligence, whenever injuries are received because of unfit instrumentalities employed in their transportation."—*L. & N. R. R. Co. v. Allen*, 78 Ala. 494; *M. & M. R. R. Co. v. Smith*, 59 Ala. 248.

Applying the foregoing principles to the count under consideration, it is obvious that it is wholly insufficient. There is no averment that the defendant knew or ought to have known that the steel bar was unsafe and unsuitable for the purpose for which it was furnished to be used; or that there was negligence in the selection of it for such purpose.

Following the uniform practice of this court, we must decline to consider the other assignments of error, as they are not so much as hinted at in brief of appellant's counsel, much less insisted upon. They are and must be treated as waived.

Affirmed.