# A. G. S. R. R. Co. *v.* Vail.

*Action to recover Damages for Personal Injuries.*

1. *Liability of employer for acts of employe, below grade of general manager; when employe stands in place of employer.* The rule in Alabama as to the common law liability of the employer for the acts of his employe is that the employer is liable for the performance of those personal, non-delegable duties, which the law holds the employer must attend to himself, and any servant charged with these duties stands in the place of the master.

2. *Non-delegable duties; sufficiency of force employed to perform task.*—One of the absolute non-delegable duties of the employer is that of seeing that the number of persons employed is sufficient to prevent each of them from being exposed to that class of risks which result from an inadequacy of the force available for the work in hand.

3. *Same; same; case at bar.*—Where an employe has been delegated by the master with the duty of hiring and discharging servants to perform a particular piece of work, over which said employe is foreman, he is the representative of the master in that matter, and is under obligation to employ sufficient number of servants to do the work.

4. *Direct and immediate cause of injury; if such exists, injury cannot be traced to remote cause.*—If an injury has resulted in consequence of a certain wrongful act or omission but, only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last proximate cause, and refuses to trace it to that which was more remote.

APPEAL from the City Court of Birmingham.
Tried before the Hon. CHAS. A. SENN.

This action was brought by the appellee, Squire Thomas Vail, against the appellant, the Alabama Great Southern Railroad Company, to recover damages for personl injuries sustained by plaintiff who was an employe of the defendant corporation. The main facts in

the case are set out in the opinion. Demurrers by the defendant were sustained to all of the counts of the complaint except the first, which was as follows: 1. "The plaintiff claims of the defendant the sum of five thousand dollars as damages for that heretofore on, to-wit: the 26th day of December, 1901, plaintiff was a servant of the defendant in the city of Birmingham, Alabama, and in the course of his employment as such servant, it became and was his duty to assist in unloading long, heavy timber from a certain car then at or near the defendant's round house in said city, and plaintiff avers that defendant negligently failed to provide a sufficient number of men to unload said timbers with reasonable safety, and that by reason of said failure, one of said timbers fell upon plaintiff's feet and mashed, bruised and wounded them so that he suffered great physical pain and mental anguish and his feet were permanently injured, and he was put to great expense for surgical and medical attendance, and medicines in and about attempting to cure said wounds, all to his damage in the sum aforesaid, therefore he sues." The defendant demurred to this count on the following grounds: 1. "For the said count states no cause of action against this defendant, in that it fails to allege that it was the duty of the defendant to provide any more men that it did provide for the unloading of said car. 2. For that said count fails to allege or show what number of men defendant furnished for the purpose of unloading said car, and what number of men it was necessary to furnish to enable the plaintiff to unload said car without being injured." The court overruled this demurrer and the defendant excepted. Issue was joined on the plea of general issue and contributory negligence. On the examination of plaintiff, as a witness, he was asked by his counsel whether Mr. Miller, the foreman, at any time, in the hearing of plaintiff, said anything to James Green, one of the workmen, about the way in which he (Green) attended to his work. The defendant objected to this question. The court overruled the objection and the defendant excepted. The plaintiff's counsel then asked witness what Mr. Miller said. The court overruled the objection of the defendant to this

question and defendant excepted. Witness answered that Mr. Miller told Green "if he did not get a move on him, he would have to lay him off." The defendant excepted to the action of the court in overruling the motion of defendant to rule out this answer of plaintiff. These rulings constitute the basis of the 2d, 3d and 4th assignments of error. The plaintiff excepted to the ruling of the court in refusing to give the general charge for defendant, and special charge No. 7 set out in the opinion. There were verdict and judgment for plaintiff, assessing his damages at two hundred dollars. From this judgment the defendant appeals, and assigns the rulings of the trial court on the pleadings and evidence, set out above, as error.

A. G. and E. D. SMITH, for appellant.—This is a common law action and if the accident was due to the negligence of Robert Miller, who was a fellow servant, the general affirmative charge should have been given for the defendant.—*M. & M. Ry. Co. v. Smith,* 5 Ala. 245; *R. R. Co. v. Thomas,* 42 Ala. 721; *Smoot v. R. R. Co.,* 67 Ala. 13; *Bull v. R. R. Co.,* 67 Ala. 206; *A. G. S. R. R. Co. v. Carroll,* 97 Ala. 126; *R. R. Co. v. Mealer,* 1 C. C. A. 63; *Price v. R. R. Co.,* 145 U. S. 651; *R. R. Co. v. Waters,* 16 C. C. A. 609; *R. R. Co. v. Conroy,* 7 Am. Neg. Rep. 182; *Woodward Iron Co. v. Cook,* 124 Ala. 349.

Charge 7 should have been given.—Authorities cited above; *Western Ry. of Ala. v. Mutch,* 97 Ala. 194; *Stanton v. R. R. Co.,* 91 Ala. 382; *L. & N. R. R. Co. v. Kelsey,* 89 Ala. 287; *Thompson v. L. & N. R. R. Co.,* 91 Ala. 500; *L. & N. R. R. Co. v. Quick,* 125 Ala. 553.

The court should have sustained the demurrer to the first count of the complaint.—*Phoen. Ins. Co. v. Moog,* 78 Ala. 284, (special reference being had to par. 4 of opinion, p. 301) ; *City Council of Montgomery v. Gilmer,* 33 Ala. 116; *H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 418.

The court should not have allowed the question propounded by appellee, and should have ruled out his answers thereto, to which questions and answers defendant objected.

[A. G. S. R. R. Co. v. Vail.]

NATHAN L. MILLER, *contra.*

SIMPSON, J.—This was a suit by appellee against appellant, for damages from a personal injury received by appellee, while engaged as an employe of appellant, in unloading heavy timbers from a car.

All of the counts of the complaint, except the first, (which is set out in the statement of the case) were eliminated. Demurrers were filed to this count which were overruled, and issue was then joined on pleas of the general issue, and contributory negligence. The complaint is clearly based on the common law liability of the master, and not upon the statute.

The evidence shows that Robert Miller was the foreman, having 35 or 40 men under him, that he hired and discharged men. That he ordered the men to get in the car and unload, that he left them about an hour before the accident, leaving the three men, plaintiff, Peach and Green on the car, and three on the ground, all engaged in unloading the car.

The plaintiff states that there were eight men engaged in unloading the car first and that Miller took five of them away leaving only three unloading, but he immediately qualified that by stating that three were on the car and three on the ground, all assisting in unloading the car. Plaintiff states that they had handled two large pieces of timber, and when they were unloading the third large one, Green had the crow-bar resting on the top of the side of the car, and while it was in that position, the bar on which the timber was resting slipped out, and the timber fell on plaintiff's feet. That while Miller was there, Green did not appear to give proper attention to his work; that he did not seem to care whether he worked or not. He states that Green could have held the bar horizontally or, at a slight angle above horizontal, and in that way would have kept it from slipping. He also states that, when they had eight men, they could just raise the timber up and throw it out by main strength, but that three men could not throw it out that way, but had to lift one end at a time and place it on the skids, and have one to hold that end with the crow-bar while the others moved the other end.

It is claimed by plaintiff that Miller was the "vice-principal" in this case, and not the fellow-servant of the plaintiff, that he was negligent, and, therefore, the master was responsible.

The cases involving the question as to whether an employe is a vice-principal, so as to stand in the place of the master, and be his *"alter ego,"* so that the master is responsible for his negligence, are divisible into two classes, to-wit: one in which the representative character is regarded as determinable by the rank which he holds in the master's service, and the other in which his rank is held to be immaterial, and the master is held to be responsible according as the employe was or not deputed to perform those strictly personal duties of the master, variously denominated "absolute," "non-delegable," "non-assignable," or "non-transferrible."—1 Labatt on Master & Servant, § 150, p. 313.

From an early period in England one current of authorities held that a master who transferred all of his business to a general manager, constituted such general manager his *"alter ego"* and was responsible for his acts of negligence, to his servants. But that doctrine was finally repudiated, and the English cases now, following the leading case of *Wilson v. Merry,* L. R. 1st H. L. Sc. App. Cas. 326, 19 L. T. N. S. 30, hold that the rule that the servant assumes all the risks arising from the negligence of other servants is not subject to any exceptions, the reasoning being that the master cannot be held liable unless he himself has been negligent, that he has not agreed to do the work personally, and, at all events, the servant can choose whether he will serve the master who does all of his own work, or the one who employs others to attend to it.—2 Labatt on Master and Servant, §§525, 529, pp. 1484, 1501 and notes.

But in the United States the great weight of authority favors a more liberal policy towards the employe, and it may be stated as the well established rule in American courts that a general manager, having entire charge of the business of the master, is his *"alter ego,"* and the master is responsible, to other employes, for his acts. *Honner v. Ill. C. R. Co.,* 15 Ill. 550; *Washburn v. N. &*

*C. R. R.,* 3 Head, 638, 75 Am. Dec. 784; *Lund v. Hersey Lumber Co.,* (C. C.) 41 Fed. 202; *Crispin v. Babbitt,* 81 N. Y. 516; 37 Am. Rep. 521; *Brickner v. N. Y. C. R. R.,* 49 N. Y. 672; 2 Labatt on Master and Servant, §§ 527, 530 and notes.

When we get below the position of general manager, there is considerable conflict in the authorities, some not extending the liability below the general manager, others adopting the superior servant idea, and holding the master responsible for the acts of any servant who holds a position superior to that held by the servant injured, and others holding that it is not a question of the relative grade in the service, but depends entirely on the question as to whether the employe, whose negligence is complained of, is discharging one of those personal, non-delegable duties, which the master must attend to himself, so that any servant charged with these duties stands in the place of the master. This latter is the principle adopted by the Supreme Court of Alabama.—*Walker v. Belling,* 22 Ala. 294, 309, 310; *Mobile & O. R. R. v. Thomas,* 42 Ala. 672, 713, 727; *Mobile & Montgomery Ry. v. Smith,* 59 Ala. 245, 250-251; *Tyson v. S. & N. Ala. R. R.,* 61 Ala. 554, 557-558; 32 Am. Rep. 8; *Postal Tel. Co. v. Hulsey,* 115 Ala. 193, 204; 22 South, 854; *Ga. Pac. Ry. v. Davis,* 92 Ala. 300, 312-313.

It is difficult to determine upon what principle the courts have undertaken to determine, without legislative aid, that certain duties are delegable, and others non-delegable, but, so far as the case now before the court is concerned, our own court has made some deliverances which throw light upon the question of liability *vel non,* under the facts detailed.

Our court has held that one of the absolute, non-delegable duties of the master is the duty of selecting competent employes to manage his business.—*Walker v. Belling, supra; Tyson v. S. & N. Ala. R. R., supra.*

It has held also that the master does not guarantee the competency of his employes, but is only responsible for reasonable care in selecting them.—*Smoot v. Mobile & Montgomery R. R.,* 67 Ala. 13, 18, 20; *Clements v. A. G. S. Ry.,* 127 Ala. 166, 171, 172.

, It has held that neither a conductor, an engineer, nor a superintendent of work, is a vice-principal, so as to make the master responsible for his negligence.—*Ga. Pac. Ry. Co. v. Davis, supra; L. & N. R. R. Co. v. Allen's Admr.*, 78 Ala. 494, 502-503; *Woodward Iron Co. v. Cook*, 124 Ala. 349, 333, 354.

On the other hand, it has held that a yard master, who was invested with authority to appoint or remove engineers, was discharging a corporate function, and, consequently, if said yard-master selected an incompetnet engineer, not having exercised ordinary care in ascertaining his qualifications, the master was liable for any injury which resulted from placing such incompetent man in charge of an engine.—*Tyson v. L. & N. R. R. Co., supra.*

And in a case where an engineer, in addition to his duties as engineer, was vested with the power to appoint and discharge employes, and an accident occurred, by the train, which said engineer was managing, running into a wash-out, the company was not liable, because he was, at that time discharging his duties as engineer, and the accident was attributable to his negligence in that capacity, and not to his negligence in the selection of employes.—*Mobile & Montgomery Ry. v. Smith, supra.*

The single count in the complaint, on which issue was joined claimed that the accident occurred by reason of the fact that "the defendant negligently failed to provide a sufficient number of men to unload said timbers, with reasonable safety."

The foreman, Robert Miller, testified that it was a part of his duties to hire and discharge the servants, under him.

It is declared, by high authority, in other states that one of the absolute (non-delegable) duties of the master, is that of "seeing that the number of persons employed is sufficient to prevent each of them from being exposed to that class of risks which results from an inadequacy of the force available for the work in hand."—2 Labatt on Master & Servant, § 573, p. 1679.

This duty is so near akin to that of selecting competent servants that we hold it to be within the principle here-

[A. G. S. R. R. Co. v. Vail.]

tofore decided by this court, and that Miller, having been delegated by the master with the duty of hiring and discharging servants to perform the work, over which he was foreman, was the representative of the master in that matter and under obligation to employ servants sufficient to do this work. If he had to take some away to perform some other work, he should have employed others, if necessary, to perform this work properly.

There was evidence in the case, from which the jury may have found that the accident resulted from his not having employed a sufficient number of men for the work. Hence there was no error in the refusal of the court to give the general charge requested by the defendant.

The court erred in refusing to give charge No. 7 at the request of defendant. "If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause, the injury followed as a direct and immediate consequence, the law will refer the damage to the last proximate cause, and refuse to trace it to that which was more remote."—*L. & N. R. R. Co. v. Quick,* 125 Ala. 553, 561, 572; *Stanton v. L. & N. R. R. Co.,* 91 Ala. 382, 386, 387; *L. & N. R. R. Co. v. Kelsey,* 89 Ala. 287, 289-290; *Western Ry. of Alabama v. Mutch,* 97 Ala. 194; *Thompson v. L. & N. R. R. Co.,* 91 Ala. 496, 500.

The demurrer to the first count in the complaint was properly overruled.—*Ga. Pac. Ry. v. Davis,* 92 Ala. 300, 307; *S. & N. R. R. Co. v. Thompson,* 62 Ala. 494, 500; *Laughran v. Brewer,* 113 Ala. 509, 515.

The court erred in overruling objections to testimony, as stated in the 2d, 3d and 4th assignments of error. The remarks of the foreman to the fellow servant were not relevant to the issue involved in the case.

For the errors stated the judgment of the court is reversed, and the cause remanded.

McClellan, C.J., Tyson and Anderson, J.J., concurring.