(77 South. 686)

SLOSS–SHEFFIELD CO. v. ROSS.
(6 Div. 690.)

(Supreme Court of Alabama. Dec. 20, 1917. Rehearing Denied Jan. 24, 1918.)

1. MASTER AND SERVANT ☞264(12)—ACTIONS FOR INJURIES — VARIANCE — NATURE OF DEFECT.

In a mine employé's action for injuries caused by one of the wheels of a car running off and upon plaintiff, there was no variance, though the complaint described the defect as consisting of a failure to properly secure or fasten the wheel, while the evidence did not show that the nut or brad with which the wheel was fastened was defective, but only that the wheel in question was considerably worn and had more play than the other wheels, as the jury could have inferred from this evidence that the wheel in such condition should have been so fastened as to prevent the unusual play by a larger nut, a washer, or some other means or appliance which could have prevented its coming off.

2. APPEAL AND ERROR ☞197(5) — RESERVATION OF GROUNDS OF REVIEW—VARIANCE—OBJECTIONS.

If there was a variance the trial court could not be put in error for refusing the general charge on account of such variance, when it was not specially brought to the attention of the trial court, in view of circuit court rule 34 (175 Ala. xxi), providing that the trial court will not be put in error for refusing the general charge predicated upon a variance which could be cured by an amendment, unless it appears from the record that the variance was brought to the attention of the trial court by a proper objection to the evidence.

3. MASTER AND SERVANT ☞286(25)—ACTIONS FOR INJURIES — QUESTIONS FOR JURY — KNOWLEDGE OF DEFECTS.

In an employé's action for injuries, where the evidence showed that one of the wheels of a car was worn and had considerably more play that the average wheel, the jury could infer that

it had been in this condition long enough to have been discovered by the exercise of ordinary diligence on the part of the person intrusted by the master with the duty of seeing that it was in proper condition, and hence the general charge was properly refused.

4. EVIDENCE ☞477(2)—OPINION EVIDENCE— BODILY CONDITION.

A witness, though not an expert, may testify that one leg is longer, larger, or straighter than another.

5. WITNESSES ☞236(4) — EXAMINATION — FORM OF QUESTIONS.

Though, in an employé's action for injuries, defendant was entitled to show, in diminution of the claim for loss of time and wages, that it paid plaintiff's wages, or a part of them, during his disability, yet where it had just attempted to show that he received insurance from it while injured, and then asked him how much he was getting from defendant while injured, without so framing the question as to show that it referred to wages or something other than insurance, the exclusion of the question was not error.

6. TRIAL ☞256(10) — INSTRUCTIONS—NECESSITY OF REQUESTING EXPLANATORY INSTRUCTIONS.

In an employé's action for injuries caused by a wheel running off of a car, the court told the jury that it had already charged them that if they found from the evidence that the car was defective, and that such defect arose from or was not discovered or remedied owing to the negligence of defendant or some person in its service intrusted with that duty, they might infer negligence in that fact, if it was a fact, and that the court had also charged them that the mere fact that the wheel that struck plaintiff came off of one of defendant's cars which was being operated by defendant in its mines, would not, in itself without more, authorize the jury to infer that defendant was negligent. *Held*, that this was not erroneous, though defendant's instruction to which reference was therein made used the word "wheel" instead of "car," as both charges attempted to deal with the defect which produced the injury, and if the charge in question was too broad, it could have been explained or qualified by a countercharge.

7. APPEAL AND ERROR ☞1033(5)—REVIEW— ERRORS FAVORABLE TO APPELLANT.

Such instruction, if faulty at all, was faulty because it was too favorable to defendant, in that it merely authorized the jury to infer negligence from facts which authorized them to fasten negligence on defendant.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Sam Ross against the Sloss-Sheffield Company, for damages for injuries sustained while in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

The second count avers that plaintiff's injuries were proximately caused by reason of a defect in the condition of the ways, works, machinery, or plant used in or connected with said business of defendant, which defect arose from or had not been discovered or remedied owing to the negligence of defendant, or of some person in the service or employment of defendant, and intrusted by it with the duty of seeing that said ways, etc., were in proper condition, to wit, said car was defective and said defect consisted in this:

Said wheel was not sufficiently fastened or attached thereto so as to be safe and secure from running off. The cause of the injury is alleged to be that a wheel of one of the cars operated in the mine ran off and upon plaintiff and injured him as described. The plaintiff was asked the following question :

What is the difference in that leg with respect to its being normal and the same size and shape as the other leg now ; the leg that was broke, as to shape and same size as the other one?

Plaintiff was also asked:

How much were you getting from the Sloss Company per day during the time you were sick?

The following is the charge marked "A," given for plaintiff:

The court has charged you that the mere fact, if it be a fact, that the wheel that struck plaintiff came off of one of defendant's cars, which was being operated by defendant on its tram track in its mine, would not, in and of itself, without more, authorize the jury to infer that the defendant was negligent.

The court further charges the jury that if you find from the evidence that said car was defective, and that said defect arose from, or was not discovered or remedied owing to the negligence of defendant, or some person in the service or employment of defendant, and intrusted by it with the duty of seeing that said car was kept in proper condition, you might infer negligence from this fact, if it be a fact.

Tillman, Bradley & Morrow, of Birmingham, for appellant. Mathews & Mathews, of Bessemer, for appellee.

ANDERSON, C. J. [1-3] It is insisted by appellant that count 2, the only one that went to the jury, describes the defect as consisting of a failure to properly secure or fasten the wheel, and that the only defect shown was that the wheel was loose and worn. It may be true that the evidence does not show that the nut or brad with which the wheel was fastened was defective, but as the evidence shows that the wheel in question was considerably worn and had too much play ("more play than the balance of them") the jury could have inferred from the evidence that a wheel in such condition should have been so fastened to the car or axle as to prevent the unusual play of same by a larger nut, a washer or some other means or appliance which would have prevented its coming off as it did, and the jury could also have inferred that the wheel, though worn and loose, would not have come off had it, in its then condition, been properly fastened. Moreover, this variance, if such it could be called, was not specially brought to the attention of the trial court, which cannot be put in error for refusing the general charge on account of same circuit court rule 34 (175 Ala. xxi). Nor was the defendant entitled to the general charge upon the idea that there was no proof that the defect was known to or could have been discovered by the master, and that it negligently failed to remedy same. The evidence shows the wheel was worn and had

considerably "more play" than the average wheel, and the jury could infer that it had been in this condition long enough to have been discovered by the exercise of ordinary diligence on the part of the servant of the master intrusted with the duty of seeing that the same was in proper condition. The trial court did not err in refusing charges 5 and 6 requested by the defendant. The case of Clements v. A. G. S. R. R., 127 Ala. 171, ·28 South. 643, and other cases cited in appellant's brief in no wise conflict with this holding and do not need special treatment.

[4] We do not think that it takes an expert to tell that one leg is longer, larger, or straighter than another. If the difference was not caused by the injury, the defendant could have brought out, on cross-examination, that the difference in plaintiff's legs existed before the injury. At any rate, this evidence was not subject to the grounds of objection interposed to same; "that it invaded the province of the jury and called for expert testimony."

[5] It is true that the complaint claimed damages as for lost time and wages, and the proof showed that the plaintiff was receiving a certain sum per day when injured, and the defendant could show, in diminution of this item, that it continued to pay him his wages, or a part of same; but we are not disposed to put the trial court in error for not letting the defendant ask the plaintiff how much he was getting from the defendant per day while he was sick, unaccompanied with the inquiry or statement of what it was paid for; that is as wages or for something other than insurance. This inquiry came just after the defendant had made an effort to show that plaintiff had gotten insurance paid him by the defendant while he was sick, and it should have been specified as wages, or have been so framed as to disassociate it from the insurance involved in the inquiry immediately preceding.

[6, 7] The trial court did not commit reversible error in giving the plaintiff's requested charge, which we mark "A," and which included one of the defendant's given charges and attempted to explain same. True, the charge uses the word "car" instead of wheel, as used in defendant's charge, but the wheel was but a part of the car, and both charges merely attempted to deal with the defect which produced the injury; and, if the plaintiff's charge was too broad, it could have been explained or qualified by a countercharge. It is true the charge says the jury might infer negligence upon belief of the hypothesis, and, if faulty at all, it was because too favorable to the defendant. If the jury believed the hypothesis that, "If the car was defective, and that said defect arose from or was not discovered or remedied owing to the negligence of the defendant or some person in the service or employment of defendant and in-

trusted by it with the duty of seeing that said car was kept in proper condition," they were authorized, not merely ·to infer negligence; but to fasten negligence on the defendant.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.