(96 South. 438)

**BRITTAIN et al. v. VICKERS.** (7 Div. 317.)

(Supreme Court of Alabama. May 3, 1923.)

**1. Master and servant ⬡302(1)—Son operating store for father held vice principal.**

In an action against a father and son for a tort committed by an employee of the store, evidence that the store was the sole property of the father, and that the son was in complete control of and operating the store for his father, and having full charge of the business, shows that the son was the vice principal of his father in the operation of the store.

**2. Master and servant ⬡330(2) — Declarations showing vice principal participated in wrongful search held admissible.**

In an action against a father, who owned a store, and his son, who was vice principal in charge thereof, for wrongful search of a saleswoman in the store by another employee, testimony as to a conversation with the son in regard to his suspicion that plaintiff had been placing in her pocket money which she received from sales was admissible in connection with other evidence to show that the son participated in the search, because it was made with his acquiescence, knowledge, and consent.

**3. Evidence ⬡317(2) — Declarations of employee after transaction are inadmissible against master.**

In an action against the proprietors of a store for wrongful search of plaintiff by another employee of the store, declarations by the employee who made the search, made some time after the search, so as not to be part of the res gestæ, are inadmissible against the proprietors.

**4. Appeal and error ⬡1050(1)—Admission of declaration of defendant's employee who searched plaintiff on suspicion held prejudicial.**

In an action against the proprietors of a store for a wrongful search of a saleswoman by another employee, the admission in evidence of declarations by the employee who did the searching, which were made after the search, and which tended to show he made the search on mere suspicion, was prejudicial to the proprietors.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Master and servant ☞332(2) — Evidence vice principal participated in wrongful search held to warrant refusal of affirmative charge.**

In an action against a father and son for wrongful search of a saleswoman in their store by another employee, where there was evidence that the son, who was his father's vice principal in operating the store, had participated in the search, an affirmative charge for defendants on the ground that the employee who made the search was a fellow servant was properly refused.

**6. Assault and battery ☞24(1)—Counts alleging forcible search of plaintiff held sufficient.**

Counts alleging that plaintiff was a saleswoman in defendants' store, and that, on a date when a special sale had been advertised, and the store was crowded, an employee of the store, acting within the line and scope of his employment, assaulted plaintiff, and forcibly searched her pockets, *held* to contain sufficient statement of facts to be readily understood by opposing parties, and to establish the cause of action.

**7. Pleading ☞12—Allegation defendants were partners held unnecessary.**

In an action against two defendants, one of whom was the sole owner of a store, and the other of whom had full charge of the operation thereof, for damages to a saleswoman by wrongful search, a partnership between the two defendants was not essential to plaintiff's right of action, and its existence was a fact peculiarly within the knowledge of defendants, so that it was unnecessary for the complaint to allege such partnership.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action by Mrs. 'S. P. Vickers against W. H. Brittain and Maddox Brittain. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Counts 3, 4, and 5 are as follows:

"(3) Plaintiff further claims of the defendants the sum of $30,000 damages, for that, whereas, on or about the 29th day of January, 1921, the defendants were operating or causing to be operated a mercantile business in the city of Ashland, Ala., and at the store and on said day there was at the store in which said business was operated a large gathering of customers, and plaintiff avers that on said date she was assisting and waiting on customers at Brittain's store, and was employed to so do. Plaintiff avers that the defendants had on a special sale at said time, which sale was in charge of one E. B. Ballard as sales manager, who was in the employ and service of the defendants on said date and in charge of said sale, and that while acting within the scope of his employment as aforesaid the said E. B. Ballard did on said date aforesaid forcibly search the person of this plaintiff, searching her pockets, and as a proximate consequence thereof plaintiff was greatly humiliated and embarrassed, she was caused to suffer great mental anguish and physical pain, and her physical system was greatly and permanently impaired.

(4) Plaintiff claims of the defendants the sum of $30,000 as damages, for that, on or about the 29th day of January, 1921, the defendants were operating, or causing to be operated, a mercantile business in the town of Ashland, Ala., in a store room or rooms, on the north side of the public square in said town, and plaintiff avers that on said date the defendants had a special bargain sale which had been widely advertised, and at which there was a large number of people; that the plaintiff was assisting in waiting on the customers, and was employed by the defendants so to do. And plaintiff avers that the said sale was in charge of one E. B. Ballard as salesman, who was in the employ and service of the defendants, and that, while acting within the line and scope of his employment, the defendant committed an assault and battery on the person of the plaintiff; that he searched the plaintiff's person, went into plaintiff's pockets in the presence of a large number of people; that he caught the plaintiff by the arm, shoved her up against the counter; and searched her pockets, and that as a proximate consequence thereof plaintiff was greatly humiliated and embarrassed; that she was caused to suffer great mental and physical pain.

"(5) Plaintiff further claims of the defendants the sum of $30,000 damages, for that, whereas, on or about the 29th day of January, 1921, the defendants were operating a mercantile business in the town of Ashland, Ala., in two store rooms situated on the north side of the public square, on said date the defendants had on a special sale which had been widely advertised, and large numbers of people were attending said sale in said storehouses. And plaintiff avers that on said date she was assisting in waiting on customers at the store of defendants, and was employed so to do by the defendants. Plaintiff avers that said sale was in charge of and being conducted by one E. B. Ballard as manager, who was in the employ and service of the defendants on said date in charge of said sale, and that, while acting within the scope of his employment, as aforesaid, the said E. B. Ballard did forcibly search the person of plaintiff, searching her pockets, forcibly holding plaintiff, and putting his hands into her pockets, and handling the plaintiff in a rough and boisterous manner, and that, as a proximate consequence of the conduct of the said E. B. Ballard while acting within the scope of his employment, he greatly humiliated and embarrassed this plaintiff, causing her to suffer great mental anguish and physical pain, and that her physical system was greatly and permanently impaired, all to the damage of plaintiff as above set out."

Garrison & Gay, of Ashland, and Hooton & Hooton, of Roanoke, for appellants.

The complaint fails to show any connection of liability between the defendants and was subject to demurrer. The fourth count is defective in charging the assault to the defendant, without showing which defendant. Daniels v. Carney, 148 Ala. 84, 42 South. 452, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34, 12 Ann. Cas. 612; Jefferson County v. Gulf Ref. Co., 202 Ala. 510, 80 South. 798; Cent. of Ga. v. Carlock, 196 Ala.

660, 72 South. 261; Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 South. 25. Statements by one defendant at a time subsequent to the alleged assault are inadmissible, unless they throw light on the transaction. Owensboro Wagon Co. v. Bliss, 132 Ala. 253, 31 South. 81, 90 Am. St. Rep. 907; First Nat. Bank v. Leland, 122 Ala. 289, 25 South. 195. Statements made by an employee or agent after the alleged assault, and not a part of the res gestæ, are inadmissible against defendants. A. G. S. R. Co. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; M. & C. R. Co. v. Maples, 63 Ala. 601; Stanton v. Baird Lbr. Co., 132 Ala. 637, 32 South. 299.

Pruet & Glass, of Ashland, for appellee.

The complaint was sufficient, and not subject to demurrer. Wheeler v. Camp, 169 Ala. 276, 52 South. 929, 28 L. R. A. (N. S.) 1106; A. G. S. R. Co. v. Taylor, 129 Ala. 238, 29 South. 673; L. & N. R. Co. v. Marbury Lumber Co., 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; Ashby Brick Co. v. Ely & Walker, 151 Ala. 272, 44 South. 96; Grayham v. Roberds, 7 Ala. 719. Admissions against interest, made by a party or one for whose statements he is legally responsible, are admissible. Lehman v. McQueen, 65 Ala. 570; Williams v. Dickenson, 28 Fla. 90, 9 South. 847; 16 Cyc. 940, 942.

GARDNER, J. Appellee recovered a judgment against the appellants for damages as the result of a forcible search of her person by one Ballard in a store in Ashland, Ala., which was being operated by defendants.

[1] It appears without dispute that the store was the sole property of W. H. Brittain, who resided in Roanoke, and that his son, Maddox Brittain, was in complete control, operating the store for his father; the former testifying that his son had full charge of the business, and that he himself had very little to do with its operation, except to furnish the capital. There can be little question that under the evidence in this case Maddox Brittain was the alter ego, the vice principal of his father in the operation of this store. Southern Bell Tel. Co. v. Francis, 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; A. G. S. R. Co. v. Vail, 142 Ala. 134, 38 South. 124, 110 Am. St. Rep. 23; L. & N. R. R. Co. v. Lile, 154 Ala. 556, 45 South. 699. One E. B. Ballard was engaged to conduct a special sale in the store at Ashland, and plaintiff was engaged to assist as a saleslady in the store. On the afternoon of January 29, 1921, Ballard approached the plaintiff, and requested that she come to the rear of the store, and went with her into the office. He accused her of slipping money into her pocket; and plaintiff testified that he held one of her hands while he searched her pocket, holding her right hand tight propped against the counter.

The evidence for the plaintiff tends to show that, immediately preceding her search by Ballard, the latter and Maddox Brittain, who, as previously shown, is a party to this suit, and the alter ego of W. H. Brittain in the operation of this store, were seen in consultation.

[2] We are of the opinion that the testimony of Nabors as to a conversation with Maddox Brittain the morning of the same day on which the search was made in regard to his suspicion that this plaintiff had been seen placing money in her pocket which she had received from sales and failed to account for was competent in connection with all the facts and circumstances to be considered by the jury in the light of plaintiff's theory that the search was made with Maddox Brittain's full acquiescence, knowledge, and consent, and therefore his participation therein. So, likewise, the testimony as to the declarations made by Maddox Brittain as testified to by Mrs. Z. T. Wood.

[3, 4] The court committed reversible error, however, in permitting the plaintiff, over defendants' objection, to testify as to a conversation with Ballard some time after the search, which conversation was clearly no part of the res gestæ. The plaintiff testified that she came back to see Ballard the second time, and asked him who saw her putting the money in her pocket, to which he replied, "I saw you put it there." The plaintiff was further permitted to show that she went back to the store with her daughter, and testified concerning the conversation between her daughter and Ballard, which was, in effect, an admission on Ballard's part that he had searched her mother (plaintiff) on mere suspicion. All these conversations, being no part of the res gestæ, constituted but the declaration of the agent in regard to a past transaction, and were therefore inadmissible as against these defendants under the authority of Phœnix City v. Taylor, 196 Ala. 665, 72 South. 264; A. G. S. R. Co. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; Danner Land & Lbr. Co. v. Stonewall Ins. Co., 77 Ala. 184. We are of the opinion this evidence was probably of prejudicial effect, and its admission must work a reversal of the cause.

[5] It is argued that the affirmative charge was due the defendant upon the theory that Ballard was a fellow servant of plaintiff, and therefore the defendant would not be liable in this common-law action. Mobile & Montgomery Ry. v. Smith. 59 Ala. 245. This question, however, need not be determined, as the exact relationship existing between Ballard and defendant is not clearly made to appear. It is clear, however, as previously stated, that Maddox Brittain was the alter ego of W. H. Brittain in the operation of this store, and there was evidence from which the jury could infer his connivance with Ballard in the search made, and therefore sufficient proof upon which he could be held responsible individually, and his father, W.

H. Brittain, under the evidence, also held accountable for the conduct of Maddox Brittain. Upon this theory therefore it is readily seen the affirmative charge was properly refused. Southern Bell Tel. Co. v. Francis, supra; L. & N. R. R. Co. v. Lile, supra; A. G. S. R. Co. v. Vail, supra.

[6, 7] We are of the opinion that counts 3, 4, and 5, upon which the cause was tried, contained sufficient statement of facts, readily understood by the opposing parties, to establish the cause of action. Weller & Co. v. Camp. 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106. Nor do we consider it was incumbent upon plaintiff to allege that W. H. and Maddox Brittain were partners, as this was not a matter essential to recovery, and was peculiarly within the knowledge of the defendants.

There is a clerical error in the fourth count in the use of the word "defendant" when, very clearly, as stated by counsel in brief, the name of the agent was intended. It would also appear from the undisputed proof that Ballard was employed by W. H. Brittain. To avoid any question of variance upon another trial the plaintiff may amend the complaint as to so disclose the facts established by this record, and also make the amendment as to the fourth count above noted.

For the error indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.