# Huyck *v.* McNerney.

*Injury to Servant.*

(Decided Nov. 18, 1909.—50 South. 926.)

1. *Master and Servant; Injury to Servant; Common Law Duty; Complaint.*—Where the action is by a servant for injury caused by the fall of a ladder from a defect therein the count alleging that defendant was engaged in the business of doing certain work in the erection of a building, and used therein tools, implements and appliances of various kinds including ladders, and that plaintiff was an employe of defendant in such work and that it was the duty of the defendant to have in said building and said business good and safe tools, implements and appliances, is a declaration for the breach of the common law duty of the master in respect to furnishing instrumentalities employed in his business.

2. *Same; Furnishing Instrumentalities.*—The measure of the master's common law duty to his employe in respect to furnishing instrumentalities employed in the business is to furnish reasonably safe and suitable instrumentalities, not good and safe instrumentalities.

3. *Same; Connecting Defect and Result.*—In an action for injury to an employe, a complaint which alleges a defective condition of the ladder and injury to plaintiff in consequence of the falling of the ladder is not good if it fails to connect the falling of the ladder with the alleged defect.

4. *Same; Complaint; Defective Instrumentalities.*—In an action for injury to a servant based on the breach of the master's common law duty in furnishing instrumentalities employed in the master's business, a complaint which alleges that ladders were part of the business appliances, and that it was defendant's duty to furnish them, and that a ladder in said business fell, to plaintiff's injury, does not sufficiently show that the ladder which fell was one furnished or provided by the master, an allegation necessary to make the master liable.

5. *Same; Employe's Liability Act; Plant.*—A ladder used by a master in pursuit of his business as a contractor in the construction of buildings is a part of his plant within the meaning of subdivision 1, sec. 3910, Code 1907.

6. *Same; Defect in Plant; Complaint.*—A complaint based upon the Employer's Liability Act for an injury to a servant which averred that the defect in the ladder which fell and caused the injury, consisted in its being round at the end and not being braced, and in consequence that the ladder was liable to slip and fall, does not as a matter of law show a defect per se, although it is averred to be a defect. Such a complaint should show the surrounding conditions, the angle at which it stood and the character of the rest.

7. *Pleading; Negligence; Conclusion.*—Where a duty is shown very general averments of negligence, practically conclusions of the pleader, are sufficient in an action by an employe against his employer for injury.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by John McNerney against Charles L. Huyck for injuries received while engaged in doing the work for which he was employed. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint was as follows:

Count 1: "Plaintiff claims of the defendant the sum of $10,000 damages, for that on, to wit, the 25th day of August, 1907, the defendant was engaged in the business of doing the cement work in connection with erecting a certain seven-story brick building on Commerce street in the city of Mobile, Alabama; and used in said business tools, implements, and appliances of various

kinds, such as saws, hammers, planers, and ladders; that plaintiff was employed by the defendant to work in or on said building, and was so working at the time he received the injuries herein complained of, and therefore it was the duty of said defendant to have in said building and said business good and safe tools, implements, and appliances; that on, to wit, the 25th day of August, 1907, while the plaintiff was in said building engaged in the proper discharge of his duties for the defendant, a ladder in said business, and upon which plaintiff was descending from the roof of said building to the seventh floor, fell while plaintiff was thereon, and violently threw plaintiff to the fourth floor of said building, thereby breaking one of plaintiff's shoulders, injuring his back, breaking his leg, injuring his head, and otherwise injuring and wounding him, and plaintiff suffered great mental and physical pain, and was rendered unable for a long time to work, and was put to great inconvenience and trouble and expense for medicine and medical attention in his efforts to heal up and cure said wounds and injuries. And plaintiff avers and alleges that the wrongs and injuries complained of were suffered because of the wrong or negligence of the defendant in having in said building in said business said ladder upon which he was descending, which ladder was defective, out of order, and unsafe, and unfit to be in said business, and which, but for the want of proper care and diligence, would have been known to the defendant."

Count 3: "Plaintiff claims of the defendant the further sum of $10,000 as damages, for that on or about the 25th day of August, 1907, defendant was engaged in the business of doing the cement work in connection with erecting a seven-story brick building on Commerce street, in the city of Mobile, known as the 'Hunter

Building,' and in connection therewith and as accessory thereto the defendant was using a certain ladder for the purpose of aiding his employes to ascend from the seventh floor to the roof of said building and to descend from the roof to the seventh floor of said building. Plaintiff alleges that on said day he was in the employ of defendant, and was engaged in working in or on said building under said employment and that while in the discharge of his duties it became necessary for him to descend on said ladder from the roof of said building, and while he was engaged in or about descending on said ladder it slipped and fell, and violently threw plaintiff to the fourth story of said building, and as a proximate consequence thereof [here follows same allegation of injuries as in first count].   Plaintiff alleges that his said wounds and injuries were caused by defects in the condition of the ways, works, machinery, or plant connected with or used in said business of the defendant as aforesaid, which defect consisted in this:   That the ends of the ladder upon which defendant was descending were round at the bottom, and thereby rendered said ladder liable to slip and fall, and said ladder was not braced to prevent it from slipping and falling, which defects arose from, or had not been discovered and remedied owing to, the negligence of the defendant, or of some person in the service of defendant intrusted by the defendant with the duty of seeing that the ways, works, machinery, or plant were in proper condition."

Count 4: Same as 3, down to and including the statement of the wounds and injuries, and the allegation is that the ladder was defective on and down which plaintiff was endeavoring to descend, and that the defect arose from or had not been discovered and remedied, etc.

Count 5.: Same as the third count, down to and including the list of injuries, with the allegation that the injuries were caused by reason of a defect in the condition of the ways, works, etc., and the defect consisted in the fact that the ladder down which plaintiff had to descend was not braced so as to prevent its slipping and falling, with the allegation that the defect arose from or had not been discovered through negligence, etc., as in count 3.

The tenth ground of demurrer to the first count is that said count does not allege any negligence on the part of this defendant in failing to provide a reasonably safe ladder for the purpose of its said business. The sixth ground was as follows: "Because, for aught that the said count shows, the falling of said ladder was caused by extraneous circumstances or the acts of other parties." The eighth ground is because said count does not show that the ladder was provided by this defendant. (11) "Because said count does not show any negligence proximately causing the injuries complained of." The first ground of demurrer is that the counts do not show that the injury was caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the defendant.

R. W. STOUTZ, for appellant.—The court erred in overruling demurrers to the first count. A ladder is not a part of the works, ways, etc.—*Bir. F. & M. Co. v. Ross,* 97 Ala. 220; *G. P. Ry. Co. v. Brooks,* 84 Ala. 138; *Clements v. A. G. S.,* 127 Ala. 166; *Southern Ry. Co. v. Moore,* 128 Ala. 435. The count also failed to show in what respect the ladder was unfit or defective.—*Whatley v. Zenida C. Co.,* 122 Ala 118; *L. & N. v. Jones,* 130 Ala. 456. The complaint alleges a too high duty in al-

leging the requirement of good and safe tools.—*Clements v. A. G. S., supra.* The court affirmatively shows that the fall of the ladder caused the injury but does not connect it with the condition of the ladder.—*Western Ry. v. Mutch,* 97 Ala. 194; *Thomas v. Sloss S. S. & I. Co.,* 144 Ala. 188. For aught that appears from the complaint, the manner of the use of the ladder was the cause of plaintiff's injury and not any fault or negligence of the defendant.—155 Fed. 397; 144 Fed. 605; 104 S. W. 1088. The trial court erred in overruling demurrers to the 3rd count of the complaint.—27 L. R. A. 441, and authorities supra. The 4th count was subject to the demurrers interposed.—*L. & N. v. Jones, supra.* This is also true of the 5th count.—Authorities supra. The 2nd plea to the 5th count was good.—Authorities supra. The 3rd plea to the 5th count was good.—*B. R. & E. Co. v. Allen,* 99 Ala. 395; *Sloss S. S. & I. Co. v. Knowles,* 129 Ala. 410; *L. & N. v. Banks,* 104 Ala. 508; *Gainor v. Southern Ry.,* 44 South. 652. Counsel discuss other assignments of error relative to pleading and cite as authority for their contention the cases already noted.

FITTS & LEIGH, for appellee.—Count 1 was not subject to the demurrer interposed.—*Laughran v. Brewer,* 113 Ala. 509. Counts 3, 4 and 5 were not defective.—*Sloss S. S. & I. Co. v. Mobley,* 139 Ala. 425; *Jackson L. Co. v. Cunningham,* 141 Ala. 206, and authorities there cited. The court did not err in sustaining demurrers to defendant's pleas.—*Woodward I. Co. v. Andrews,* 114 Ala. 243; *A. G. S. v. Brooks,* 135 Ala. 401; *Southern Ry. v. Guyton,* 122 Ala. 231; *Osborn v. A. S. & W. Co.,* 135 Ala. 571.

[Huyck v. McNerney.]

McCLELLAN, J.—The first count is not drawn to declare a liability under the liability act. It is for a breach of the common-law duty in respect to furnishing instrumentalities employed in the business of the master.—1 Labatt, §§ 22a, 23, and notes; *Ryan v. Miller,* 12 Daly (N. Y.) 77. It is sufficient in its general averments—practically conclusions—of negligence.—*Laughran v. Brewer,* 113 Ala. 509, 21 South. 415, among many others. While sufficient in this particular, it is deficient in other particulars. The measure of the master's duty in this regard is not to furnish good and safe instrumentalities, but that he shall furnish instrumentalities reasonably safe and suitable, such as a prudent man would furnish if his own life were exposed to the danger that would result from unsuitable or unsafe appliances.—1 Labatt, §§ 22a, 23, 24, and authorities cited in notes; *Meriweather v. Sayre Min. Co.,* 161 Ala. 411, 49 South. 916. This count declares too high a degree of duty in the premises. The tenth ground of demurrer should have been sustained.

While averring the injury of the plaintiff in consequence of the falling of the ladder, the count does not, expressly or by averment of facts, connect the falling of the ladder with the alleged defective condition thereof. Non constat, though defective, it might have fallen from other cause or causes than its defective condition. It is the pleader's duty to at least trace his injury, for proximate cause, to the event and the negligence producing the injury. Had it been averred, in a proper manner, that the falling of the ladder resulted from the defective condition thereof, the objections pointed out by the sixth and eleventh grounds of demurrer would not have been well taken. These should have been sustained.

In order to bring an act or omission of a master within the breach of the duty declared on in the first count, it is obviously essential that the instrumentality alleged to have been out of order, unsafe, or unfit should be one furnished or provided by the master. Construing the count most strongly against the pleader, it was, in this particular, not certainly averred that the ladder in question was one furnished or provided by the master. It cannot be left equivocal and yet withstand appropriate demurrer. It does appear that ladders were a part of defendant's business appliances, etc., and that the duty was to furnish them; but when the pleader came to deal with this particular ladder, complained of as being defective, the means of expression employed was that "a ladder in said business" fell to plaintiff's hurt. The ladder may have been furnished or provided by another than the master, or the master may have been ignorant of its presence, and still the ladder may have been "in said business" on the occasion plaintiff was injured. The eighth ground of demurrer pointed this objection, and it should have been sustained.

Other grounds assailing the first count seem to proceed on the theory that the count was a declaration under the liability act (Code 1907, §§ 3910-3913, and were, hence, inapt.

Count 2 was withdrawn. The remaining counts, 3, 4, and 5, were all intended, as appellee asserts, to charge liability under subdivision 1 of the liability act. Code 1907, § 3910.

The chief question raised by the demurrers to these counts is whether a ladder connected with or used in the business of a contractor engaged at the time in constructing a building is a part of the ways, works, machinery, or plant of such contractor's business. The plaintiff seems to rest the soundness of his pleading, in

this particular, upon the proposition, alone, that the ladder was a part of the "plant," in effect granting that it was not a part of the ways, works, or machinery. The inquiry, then, narrows to this: Whether the ladder was a part of the "plant" of the defendant. If not, the demurrer should have been sustained; otherwise, was well overruled.

The demurrant relies on *Gross' Case,* 97 Ala. 220, 12 South. 36; *Brooks' Case,* 84 Ala. 138, 4 South. 289, *Clements' Case,* 127 Ala. 166, 28 South. 643, *Moore's Case,* 128 Ala. 435, 29 South. 659, and *Burton's Case,* 97 Ala. 240, 12 South. 88; all save the last being adjudications mentioned and expressly doubted in soundness in the more recent announcement made in *S. S. S. & I. Co. v. Mobley,* 139 Ala. 425, 36 South. 181. It is evident that our previous decisions, discussed in the *Mobley Case,* if followed, would have led to a ruling on the demurrer to the sixth count opposed to that pronounced proper therein. In short, both the *Mobley Case,* on the one hand, and the *Gross Case* and the others mentioned, on the other hand, cannot stand. They are opposed. We therefore conclude, on this question, in accord with the latter, and as appears to us, with the sounder, doctrine of the *Mobley Case.* A ladder, used by a master in pursuit of his business as a contractor engaged in the construction of a building, is a part of such contractor's plant.—Sec. 2 Labatt, § 668e and note; Id. § 671d, and note.

The third count avers that the defect in the ladder consisted in its being "round at the ends," and in consequence, that said ladder was liable to slip and fall, and that it was not braced to prevent it from slipping and falling. The first ground of the demurrer challenges the count as showing a defect. The degree of care and diligence due from the master, in this connection, is no

[Huyck v. McNerney.]

greater than at common law.—2 Labatt, § 672. Whether the averment is too uncertain in ascribing the defect to the ladder alone, or to the manner of its use, or to both, might or might not be a question; but the demurrer does not raise it, and it is not considered.

Common knowledge suggests that a ladder with round ends may or may not be unsafe or unsuitable, and its employment in the business of a building contractor a breach of his duty. It might be unsafe and unsuitable when rested, at the bottom, on one character or condition of support, and safe and suitable, within duty, when rested on another; or the former, rather than the latter, when arranged with greater angle to the level of its base; or the latter, when set at a perfect right angle to the level of a base parallel with the ground—any one of the alternatives being, as of course, immediately affected by the fact whether the rest, bottom, of the ladder was a smooth, sleek, rough, or sloping surface. Other conditions of suitableness and safety might be instanced. Those stated will suffice to indicate our view that the degree of care and diligence required may be entirely met, even though the ladder's ends are rounding, and though it was not braced to forestall its liability, under some circumstances, to slip and fall. In short, in the absence of averment showing that the ladder, with rounding ends, was so placed, in respect of angle and rest and the character thereof, as indicate a lack of exercise of the prudence and care and diligence required of the master, it cannot be held that the condition described in count 3 was per se, as matter of law, a defect in the plant of the master. Not being per se a defect, the pleader's obligation was to show by averment that in the employment of such an instrumentality, as count 3 describes, the degree of care and diligence required was not met. That which, as described, may

not be a defect, cannot be pronounced a defect simply because the pleader denominates it a defect.   The condition described refutes the conclusion the pleader draws.   Furthermore, no fact is averred wherefrom it must be concluded that a duty to brace the ladder arose on this occasion.   If that duty was alone expected and intended to be predicated upon the rounding ends of the ladder, that must, as we have seen, depend upon circumstances, of which there is not proper averment. These considerations lead to the conclusion that the first ground of demurrer should have been sustained, not only to count 3, but also to count 5.   Ground 10 of the demurrer was, in consequence, likewise well taken as to counts 3 and 5.

Other points of objection, taken by the demurrers, need not necessarily be now considered, since a reformation of the complaint must be had before another trial. Count 4, wherein the defect was not undertaken to be described, seems to be, in this particular, within the ruling of *Jackson Lumber Co. v. Cunningham,* 141 Ala. 206, 37 South. 445.

The court has so often written in reference to the essentials in pleas of assumption of risk and contributory negligence, there is no necessity to treat the pleas in this instance.   Previous decisions will point the way to good pleading of these defenses, from defendant's viewpoint.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.