# Riddle *v.* Bessemer Soil Pipe Company.

## *Injury to Servant.*

(Decided Feb. 2, 1911.　54 South. 525.)

1. *Master and Servant; Injury to Servant; Evidence.*—The evidence in this case stated and examined and held to show that the injury to the employee whose hand was drawn against the pulley while applying dressing to a belt was proximately caused by the adhesion of the dressing applied to the running pulley belt.

2. *Same; Plant; Employer's Liability Act.*—Substances used in a manufacturing plant in dressing a pulley belt to keep the belt from slipping, are a part of the plant within the Employer's Liability Act. (Sec. 3910, Code 1907.)

3. *Same; Negligence; Evidence.*—The evidence in this case stated and examined and held insufficient to show actionable negligence on the part of the employer.

4. *Appeal and Error; Harmless Error; Evidence.*—Where, under the evidence the plaintiff is not entitled to recover any errors intervening are harmless.

APPEAL from Bessemer City Court.
Heard before Hon. WILLIAM JACKSON.

Action by Will Riddle against the Bessemer Soil
Pipe Company for damages for injuries received while
in their employment. Judgment for defendant and
plaintiff appeals. Affirmed.

MATHEWS & MATHEWS, for appellant. The court
erred in overruling demurrers to special plea No. 4.—
*L. & N. v. Wynn,* 51 So. 977; *Ala. S. & W. Co. v. Tal-
lant,* 51 So. 835; 86 Ala. 449; 1 LeB. 863. The court
erred in overruling demurrers to the 5th and 6th pleas.
*Osborn v. Ala. S. & W. Co.,* 135 Ala. 575. The court
erred in overruling demurrers to the 9th special plea.
—*Woodward I. Co. v. Andrews,* 114 Ala. 257; *A. G. S.
v. Brooks,* 135 Ala. 407; *Ala. S. & W. Co. v. Wrenn,*
136 Ala. 494. The plea was not a good defense either as
a plea of negligence or assumption of risk.—Authori-
ties supra; *Creola L. Co. v. Mills,* 149 Ala. 475; *So. Cot.
Oil Co. v. Walker,* 51 So. 169. The 10th special plea
was defective.—138 Ala. 348; 149 Ala. 475; 135 Ala.
575. The photograph was not admisible.—*K. C. M. &
B. Co. v. Smith,* 90 Ala. 25. The question to the wit-
ness as to the danger of standing at a certain point or
the absence of danger at another point, called for a
conclusion.—23 Ala. 469; 35 Ala. 176; 128 Ala. 242.
The witness was not shown to be competent to testify
as to the core machines.—114 Ala. 519. The court err-
ed in giving the affirmative charge as to the 1st count.
—49 So. 859; 67 N. E. 818; 203 Ill. 250; 106 Ill. App.
30. The court erred in giving the affirmative charge
as to the 5th count.—139 Ala. 435; 141 Ala. 537; 30
Cyc. 1637. The court erred in giving charge D at the
defendant's request.—*Thompson v. Duncan,* 76 Ala. 334;
*Memphis M. & C. R. R. Co. v. Martin,* 131 Ala. 269.

[Riddle v. Bessemer Soil Pipe Company.]

Counsel discuss other charges given and refused, but without further citation of authority.

T. T. HUEY, for appellee. There was no error in overruling demurrers to defendant's 4th plea.—*U. S. C. I. P. & F. Co. v. Granger*, 50 So. 159. On the same authority the demurrers were properly overruled to the 5th and 6th pleas, and 8th plea.—Authorities supra. The 9th plea was sufficient.—*Briggs v. T. C. I. & R. R. Co.*, 50 So. 1025; *Coosa M. Co. v. Williams*, 32 So. 232. On these authorities plea 10 was sufficient. The photograph was properly admitted in evidence.—*K. C. M. & B. v. Smith*, 90 Ala. 25. The question asked did not call for a conclusion.—*McNamara v. Logan*, 100 Ala. 187. The dressing to be applied to the belt was not a part of the plant, ways, works, etc.—*G. P. R. R. Co. v. Brooks*, 84 Ala. 138; *B. F. & M. Co. v. Goss*, 97 Ala. 220; *Clements v. A. G. S.*, 127 Ala. 164; *Southern v. Moore*, 128 Ala. 434. Under the authorities cited supra, it is apparent that plaintiff was not entitled to recover under the evidence in this case, and hence, any other errors that may have intervened were harmless.

McCLELLAN, J.—Action for personal injuries, by the servant (appellant) against the master, suffered, it is alleged, while in the performance of his duty. There were five counts in the complaint. The plaintiff was a common laborer at defendant's plant. He was directed by Saunders, his superior, to dress or grease a then running belt. To do this a substance, molded in the form of a stick about six inches long, was usually held against the running belt, and the friction created would wear down the stick and besmear the belt, and thereby avoid its slipping on the pulleys. In conforming to the order to dress or grease the belt, the plaintiff's hand was drawn between a pulley and the running belt, and

his forearm and hand were injured. Count 1 declared on the breach of the common-law duty to furnish the plaintiff with a reasonably safe place in which to work. Count 5 was drawn under the first subdivision of the liability act (Code 1907, § 3910). Counts 2 and 3 were drawn under subdivision 3, and count 4 under subdivision 2, of that act. The court affirmatively charged the jury against a recovery on either the first or the fifth count.

Taking the evidence for the plaintiff in its most favorable (to him) light, it appears clear, we think, that the sole possible lead to a recovery by him must be found, if at all, under the allegations of the fifth count. According to that phase of the evidence, his injury was the result of the *sticking* of the "dressing" to the belt and the carrying thereby of his hand betwen the belt and the pulley, upon the principle of the ordinary clothes wringer. The conclusion is unavoidable, as we view it, that the adhesion of the "dressing" to the belt was, in the legal sense, the proximate, efficient cause of the injury. Without such adhesion the injury would not have occurred. The place from which the application of the dressing to the belt was made by the plaintiff was, at most, but a condition upon which the adhesion of the dressing to the belt operated to produce the harmful result. The purpose and effect of dressing the belt with the substance used on this occasion was to prevent the belt from slipping on the pulley. In other words, that the dressing, when applied to the belt, afforded a measure of friction, avoiding slipping, between the belt and the pulley. The plaintiff was entirely familiar with the method, purpose, and effect of the operation. He had been two years in the service of the defendant, and had at least twice dressed this belt when it was running, and had seen others do so, and

had himself several times dressed it when stationary. This experience and familiarity with the operation of dressing the belt, coupled with the presumed possession by him of the prudence and foresight of the reasonably prudent man, likewise experienced and acquainted with the premises, requires the imputation to him of the reasonably to be anticipated result of undertaknig to render the service as and when he did, unless negligence may be ascribed to the defendant, as upon the theory and averments of count 5, in the particular that the "dressing stick," a part of the defendant's *plant,* was defective, in that when properly brought in contact with the running belt, it adhered to the belt.

It must be conceded that the substance, commonly used in dressing the belt, was a part of the "plant" of the defendant.—*S. S. S. & I. Co. v. Mobley,* 139 Ala. 425, 36 South. 181; *Going v. Ala. S. & W. Co.,* 141 Ala. 537, 37 South. 784; *Huyck v. McNerney,* 163 Ala. 244, 50 South. 926. The evidence shows, without room for doubt, that ordinarily, usually, warm weather (this occurred August 28, 1909) softened the dressing. There is an entire want of evidence, or reasonable inference therefrom, that defendant or its representatives knew that the "stick" of dressing attempted to be used by plaintiff had become hardened, and therefore gummy. There is an entire want of evidence, or reasonable inference therefrom, tending to show dereliction on the part of defendant's representatives in respect of the discovery of the alleged hardened condition of this "stick" of dressing. On the contrary, the common effect of warm weather upon the substance used for dressing the belt justified, as far as this record discloses, the defendant's representatives in assuming that the substance was softened, as usual, at that season. There is a suggestion in the evidence that, *when broken,* a "stick" of

the dressing would dry out and harden as the result of the effect of air upon it; but it nowhere appears from the evidence that this "stick" belonged to that class. However, if so it did appear, there was an entire absence of evidence that plaintiff's superiors knew the fact, or that proper care and diligence required that it be ascertained. Negligence, in the sense of affording basis for recovery under the *first* subdivision of the liability act (Code, § 3910), does not exist "unless the defect * * * arose from, or had not been discovered or remedied owing to, the negligence" of the master, or of some person in the service of the master intrusted with the duty of seeing that the ways, etc., were in proper condition. An essential averment to that end must be supported in the evidence.—*T. C., I. & R. Co. v. Harmes,* 167 Ala. 247, 52 South. 827. The affirmative charge was properly given for defendant as to the fifth count.

As indicated, the plaintiff could not recover under any of the theories of liability expressed in counts 2 to 4, inclusive.

As to count 1, we find no evidence to support material averments in it. The plaintiff himself testified that he did not think it was dangerous "to grease it as (he) did." In any aspect of the case made by the evidence, however favorably to plaintiff, considered, the plaintiff was not entitled to recover; so that errors (if so) intervening on this trial below were without injury to him.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.