# Roden Coal Co. *v.* Ravarono.

## *Injury to Servant.*

(Decided January 22, 1914. Rehearing denied June 4, 1914.
65 South. 334.)

1. *Master and Servant; Injury to Servant; Complaint.*—A complaint alleging that defendant operated a coal mine, and in connection therewith used tram cars for hauling which were operated by wire ropes; that plaintiff who was in the employment of defendant while act-.ing in the line or scope of his employment in handling said wire rope, a broken wire thereon was driven into his hand, he was dragged for several feet until his hand was caught in a pulley, and that he was injured by reason and as a proximate cause of a defect in the ways, works, etc., in that such wire rope was defective, sufficiently stated a cause of action under subdivision 1, section 3910. Code 1907, since the wire rope mentioned was a part of defendant's plant, and the complaint sufficiently alleged a defect in its condition.

2. *Same.*—Where the action was as stated, and the plea was that the employee assumed the risk in that he had used the wire rope for two months, during which time it had remained in practically the same condition, that the stickers on the rope were open, obvious and plain to be seen, and that employee knew and failed to appreciate the dangers, but negligently stood near the pulley, etc., it was a question for the jury as to whether defendant had established such plea where there was evidence that it was not dangerous to take hold of the wire rope, with stickers on it, at the distance from the pulley shown by some of the evidence.

3. *Pleading; Evidence.*—Where one of the pleas alleged the employee's negligent failure to inform the master or its superior of the defective condition complained of, it' was competent for plaintiff to show that he made complaint of the defects, although there was no replication alleging a promise to repair.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Frank Ravarono against the Roden Coal Company for damages for injuries received while in its employment. Judgment for plaintiff and defendant appeals. Affirmed.

CHARLES A. CALHOUN, for appellant. The court erred in overruling demurrers to the complaint as amended. —*Woodward I. Co. v. Johnson,* 150 Ala. 355. Defend-

ant established without conflict its plea of assumption of risk, and the court erred in refusing the affirmative charge.—*Gaynor v. So. Ry.*, 152 Ala. 189; *Boyd v. Indian Head Mill*, 131 Ala. 356; *Sloss-Sheffield v. Noll*, 129 Ala. 410; *B. R. & E. Co. v. Allen*, 99 Ala. 356; *Alteriac v. W. Pratt Co.*, 161 Ala. 436; *Merriweather v. Sayre M. & M. Co.*, 161 Ala. 441. The court erred in permitting plaintiff to show that he made complaint to the bank boss about the rope, as there was no replication setting up a promise to repair.—*L. & N. v. Stutz*, 105 Ala. 368; *Bridges v. T. C. I. & R. R. Co.*, 109 Ala. 289; *So. Cot. O. Co. v. Walker*, 164 Ala. 50.

JERE C. KING, for appellee. The complaint was in all respects sufficient.—*Jackson L. Co. v. Cunningham*, 141 Ala. 206; *Sloss-Sheffield v. Mobley*, 139 Ala. 435. It was a question for the jury under the evidence whether or not defendant had proven its fourth plea, and hence, those matters were properly submitted to the jury.

McCLELLAN, J.—Action by servant (appellee) against the master (appellant) for personal injuries received by the former while performing his duties in that service. The trial was had on the issues made by amended count 1 and plea of the general issue and seven special pleas asserting assumption of risk and contributory negligence. The evidence has been carefully considered, and, according with that twice invoked and pronounced by the trial judge in his ruling declining to give affirmative charges for defendant, and in overruling the motion for new trial, our conclusion is that the material issues raised by the pleadings were, under the conflicting tendencies of the evidence, for the jury to decide. An argument upon, and detail recital of, the evidence would be without profit or benefit. Indeed, outside of an earnest insistence that special plea 4 was

conclusively proven, it is manifest from brief for appellant that counsel for appellant recognizes that the issues of fact raised by the pleading were so far supported by the evidence as to require therein submission to the jury. Holding and applying to the evidence here the rule established in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, we cannot affirm that the *trial court* erred in declining to disturb the verdict.

We will now take account of the other particular errors assigned and urged in brief for appellant.

Complaint is made against the sufficiency of amended count 1. Apart from formal features usual to counts drawn under the first subdivision of the Liability Act (Code, § 3910), and the description of the injury suffered, and the bases for the damages claimed, this count is as follows:

"Plaintiff claims of the defendant corporation ten thousand dollars damages for that on or about March 2, 1912, the defendant was engaged in operating a coal mine at Marvel, in Bibb county, Alabama, and in connection with the operation of the said mine used tram cars for hauling from the rooms in said mine to the entries thereof; and plaintiff alleges that in connection therewith it used a wire rope which was fastened to two of said cars in one of the rooms in said mine; and plaintiff alleges that on said day he was in the service or employment of the defendant, and while acting in the line and within the scope of his said employment, and while plaintiff was engaged in or about the business of defendant in handling the wire rope which was attached to said cars, a broken wire on said rope was caused to be driven into his hand, and, while plaintiff's hand was pierced by said broken wire, said rope moved, and he was dragged or pulled from the place where he was, when said broken wire pierced his hand five or six feet,

until his hand was caught in a pulley or sheave wheel, and, by reason and as a proximate consequence thereof, plaintiff's fingers were so crushed. * * * And plaintiff alleges that he was injured and damaged as aforesaid by reason and as a proximate cause of a defect of the ways, works, machinery, or plant of the defendant * * * viz.: Said wire rope as aforesaid was defective."

The *wire rope* mentioned in the count was a part of the "plant" of defendant.—*Sloss, etc., Co. v. Mobley,* 139 Ala. 437, 36 South. 181; *Huyck v. McNerney,* 163 Ala. 244, 50 South. 926. That the count describes, as it avows, a defect in the condition of the *wire rope* is manifest. We do not understand that there is no defect in condition, within the first subdivision of the Liability Act, unless the agency or thing or instrumentality is so unfit as to prevent its use for the purpose it was, when new or perfect, designed. We can see no possible sound objection to amended count 1.

It is earnestly and elaborately insisted in brief that special plea 4 was proven without dispute. That plea (4) is, in its substance, as follows:

"Plaintiff assumed the risk of his alleged injury in this: That he had used said wire rope for haulage in his working place, for, to wit, two months at the time of his alleged injury, and during that time the condition of the said rope remained practically the same, without any material change, that it was on the day of his injury, and had stickers on it such as plaintiff complains of all during that time, which were open and obvious and plain to be seen by plaintiff, and were seen by him, and that plaintiff knew and fully appreciated whatever dangers there were in taking hold of said rope in its said condition, and the danger of getting his hand caught in said pulley was plain and open to plaintiff,

and he knew and fully appreciated the dangers thereof, and nevertheless *plaintiff negligently stood near said pulley took hold of said rope, and he thereby proximately caused the alleged injury."*

This contention cannot be approved because of the phase of the evidence which tended to show an absence of danger in taking hold of the *wire rope,* with stickers on it, *six feet from the pulleys;* and, furthermore, under the evidence it was distinctly a jury question whether it was negligent in the plaintiff, as averred in the concluding clause of the plea, to stand and take hold of the wire rope, at the distance from the pulley some of the evidence tended to show plaintiff was when he did take hold of the *wire rope,* with knowledge of its condition in respect of broken wires. The affirmative charge could not have been correctely given on the theory that this plea was conclusively proven.

On the examination of the plaintiff as a witness in his own behalf, this question was propounded to him by his counsel:

"Did you make any complaint about that rope to the bank boss after they put it in?"

The defendant's objection, in substance, was that the matter sought by the question was without the issues made by the pleading; there being no replication as serting a promise to repair. The question was not objectionable on that account. By its plea 8, the defendant averred the negligent failure of plaintiff to inform the defendant or plaintiff's superior in defendant's service of the defective condition of the *wire rope.*

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and DE GRAFFENRIED, JJ., concur.