(76 South. 928)

KYZER v. KAUL LUMBER CO. (6 Div. 496.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. MASTER AND SERVANT &#9758;289(15)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a sawmill employé when a shingle cutting machine through a defect started while his hand was in its frame to remove a shingle slab, whether under exist-

ing conditions plaintiff should have spragged the machine, or should be held to the high degree of skill, etc., in removing the slab from the motionless machine which would have been required by the machine in motion, was a question for the jury.

2. MASTER AND SERVANT ⊙═⊐217(11), 234(5)— CONTINUANCE OF MACHINE AFTER KNOWLEDGE OF DEFECT — CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF RISK—STATUTE.

Where a sawmill owner continued its shingle cutting machine in service after coming to a knowledge of the defect that the machine was likely to start up when stopped without throwing in of the clutch, the operator's mere failure to quit the service cannot be imputed to him as contributory negligence or assumption of risk of the danger from the defect, under Employers' Liability Act (Code 1907, § 3910), providing that, when personal injury is received by a servant, the master is liable as if the servant were a stranger, in certain cases.

3. MASTER AND SERVANT ⊙═⊐228(1)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—STATUTE.

Code 1907, § 3910, was not intended to cut the employer off from his defense on the ground of the employé's contributory negligence.

4. MASTER AND SERVANT ⊙═⊐239—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In a sawmill servant's action for injuries from the starting up of a shingle cutting machine without throwing in of the clutch, the question of contributory negligence was whether, under the conditions, plaintiff performed his duty to remove a shingle slab in the manner in which a reasonable man, guided by a reasonable estimate of probabilities, etc., would have performed it.

5. MASTER AND SERVANT ⊙═⊐289(28) — INJURIES TO SERVANT—SLOWNESS AND UNSKILLFULNESS—QUESTION FOR JURY.

In such action whether plaintiff was slow, careless, and unskillful in removing the slab, so that his injury was due to his own fault, and not to the starting up of the machine while his hand was in its frame, held for the jury.

6. MASTER AND SERVANT ⊙═⊐274(9)—INJURIES TO SERVANT—EVIDENCE.

In such action, as shedding light on the issues raised, plaintiff should have been allowed to show by his personal testimony the customary manner of operating the machine, and the fact that to sprag the machine every time a block was to be put in the frame would result in loss of time, require an additional hand, and greatly reduce output.

Appeal from Circuit Court, Tuscaloosa County; John D. McQueen, Special Judge.

Action by R. C. Kyzer against the Kaul Lumber Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

S. A. Moore and H. A. & D. K. Jones, all of Tuscaloosa, for appellant. Foster, Verner & Rice, of Tuscaloosa, for appellee.

SAYRE, J. The action in this case is brought under the Employers' Liability Act. Plaintiff, appellant, alleged, and the evidence went to prove, that plaintiff had been injured by reason of a defect in a shingle cutting machine which he was at the time operating for defendant. It is not denied that the machine was defective, and that its defect was at least one of the causes contributing to plaintiff's injury. The record and the briefs make it clear that the trial court instructed the jury to find for defendant on the ground that plaintiff's contributory negligence, specially pleaded, had been established without conflict in the evidence and to the exclusion of every reasonable inference to the contrary. In this we think the court erred.

Plaintiff's business was to place the blocks from which shingles were to be sawed in a frame of the machine and to remove therefrom the slabs or what was left of the blocks after suitable parts had been sawed into shingles. The frame carried three blocks at a time back and forth across the edge of a horizontally revolving saw which ripped the shingles from the bottom of the blocks. The blocks were placed on the frame in front of the saw. The slabs were removed from behind. Passing back of the saw, the last block cleared the saw about 15 inches. There was an opening in the frame into which the operator put his hand in order to remove the slab. If at the time the frame passed across the saw the hand of the operator was in the position in which it was necessary for it to be in order to remove a slab, his hand would be brought into contact with the saw by the return of the frame. In ordinary use the frame moved continually back and forth, and the customary, and inferably the proper, method of removing the slabs was, not to stop the machine, but by a quick motion to remove the slab as the frame reached the limit of its movement beyond the saw. At the time in question plaintiff, his helper not having immediately at hand the block next to be put into the frame, had stopped the machine by throwing the lever or clutch provided for that purpose, and had reached down to take out the slab nearest the saw, when, by reason of the defect in the machine, it suddenly started into motion, as sometimes it would for that reason; and so the plaintiff was hurt.

Plaintiff knew the defect in his machine— he had informed the superintendent of the fact—and that sometimes it would start off without the lever or clutch being thrown, and hence, when the machine failed to stop upon the proper movement of the clutch, as sometimes it did, and when he left the machine for a time, he would stop it or insure its quiescence during his absence by putting in a sprag; but when making shingles it was not customary nor practicable to stop the machine and sprag it in order to take off slabs. To have done so would have required the services of another man, not furnished by defendant, and would have greatly reduced the output of the machine.

Defendant argues that plaintiff's injury could have happened only because he was slow, careless, and unskillful in removing the slab, for otherwise, says defendant, it would have been impossible for the frame to

carry his hand into the saw, even though it did start off unexpectedly; and, moreover, if there was danger in attempting to remove the slab by reason of the fact that the defective clutch might cause the frame to move at any time, the plaintiff was guilty of negligence in attempting to remove it without first placing a sprag in the machine so as to make it impossible for the frame to move.

Counsel state their opinion that the trial court, in giving the general affirmative charge for the defendant, was probably governed by its conception of the ruling of this court in the case of Sloss-Sheffield Co. v. Reid, 191 Ala. 628, 68 South. 136. Referring to the opinion in that case, it must be conceded that the first six of the postulates upon which the court predicated the contributory negligence of the plaintiff as a matter of law in that case are substantially reproduced in the case before us. But beyond that there is a notable difference. In that case it was found that in discharging plaintiff's duties it was wholly unnecessary for his hand to be placed on the crank where it was when it was injured by reason of its being there, and his hand was placed on the crank thoughtlessly and in utter disregard of an obvious and immediate danger. Here the plaintiff was doing with the hand that was injured precisely the thing he was employed to do, and the debatable question raised by the pleas of contributory negligence relate to his manner of doing that thing.

[1] The ordinary business of removing slabs from the frame was a dangerous one at best; was made so by the continuous oscillation of the frame and by the short maximum distance between the saw and the next adjacent slab. But that was not the danger against which plaintiff needed to guard at the moment of his injury, for the frame was at rest. The only danger was that the defect in defendant's machine might at any time operate to put the frame in motion and carry it across the saw which revolved independently and continuously, and the question at issue is whether in the conditions then existing plaintiff should have spragged the machine, or, failing that, should be held unerringly to that very high degree of skill, circumspection, and promptness in removing the slab from the motionless machine which would have been required and probably stimulated by the machine in motion. This was a question for the jury.

[2] Defendant continued the machine in service after coming to a knowledge of its defect. Such being the case, plaintiff's mere failure to quit the service cannot be imputed to him as contributory negligence or an assumption of the risk of the danger from the defect in question. Code, § 3910.

[3] However, the known presence of the defect may have materially enlarged the degree of care necessary in the prudent operation of the machine as it was, and the statute has not intended to cut the employer off from his defense on the ground of the employé's contributory negligence. Sloss-Sheffield Co. v. Stapp, 195 Ala. 340, 70 South. 267.

[4] The question then is whether, in the conditions obtaining, plaintiff performed the duty in which he was engaged, i. e., the removal of the slab, in the manner in which a reasonable man, guided by a reasonable estimate of probabilities and those other considerations which ordinarily regulate the conduct of human affairs, would have performed it. Southern Railway v. Carter, 164 Ala. 103, 51 South. 147.

Considering the unequal footing of the parties as master and servant, the inferable demands made upon plaintiff by defendant's business, and the practice followed in the operation of the defective machine, we think it cannot be said as matter of law that plaintiff demonstrated a lack of due care in attempting to remove the slab without spragging the machine.

[5] Nor do we think that it can be affirmed as matter of law that plaintiff was slow, careless, and unskillful in removing the slab, or, to state the proposition with reference to the language of the brief, it does not appear as a matter of undisputed fact that it would have been impossible for the frame to carry plaintiff's hand into the saw, even though it did start unexpectedly, had plaintiff not been slow, careless, and unskillful. There was such a narrow margin between danger and safety in the operation of the machine, the element of danger in performing the act of removing a slab while the machine was in regular motion so different from that involved in removing a slab from the machine at rest, though having a tendency to start without the prompting of the lever or clutch, that we are unable to affirm with any clear conviction that proof of plaintiff's hurt in the conditions obtaining afforded proof as upon undisputed evidence that he was slow, careless, and unskillful. That was a question for the jury.

[6] As shedding light upon the issues raised, plaintiff should have been allowed to show by his personal testimony the customary manner of operating the machine—for, presumably, the employer acquiesced in that manner of operation as proper (Tennessee Co. v. Wiggins, 73 South. 516;[1] 1 Labatt, § 353)—the fact that to sprag the machine every time a block was to be put in the frame would result in a loss of time, require the help of an additional hand, and greatly reduce the output of the machine, etc. The questions made the subject of assignments of error 15 and 16 were manifestly improper.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

[1] 198 Ala. 346.