(77 South. 920)

SLOSS–SHEFFIELD STEEL & IRON CO. v. HOPSON. (6 Div. 379.)

(Court of Appeals of Alabama. Jan. 22, 1918. Rehearing Denied Feb. 5, 1918.)

1. MASTER AND SERVANT 107(8)—INJURY TO SERVANT—DEFECT IN "PLANT."

Hammer and cleaver, being tools furnished by employer for use of its employés in its business, are a part of its "plant," within Code 1907, § 3910, subd. 1, making employer liable for injury to employé from defect in condition thereof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Plant.]

2. MASTER AND SERVANT 286(4) — INJURY TO EMPLOYÉ—DEFECTIVE TOOLS—QUESTION FOR JURY.

Whether hammer and cleaver, in the striking of which, the óne against another, an employé's eye was injured by a piece of metal, were defective, held under the evidence, a question for the jury.

3. MASTER AND SERVANT 286(6)—INJURY TO SERVANT — NEGLIGENCE IN SUPPLYING TOOLS—QUESTION FOR JURY.

Evidence that the tools, in the use of which an employé was injured, were selected for use on the occasion by his boss, a mechanic experienced in the line of work, whose duty it was to see that the tools were kept in proper condition, no duty in this respect resting on the injured employé, makes the question of negligence in duty of furnishing proper tools one for the jury.

4. MASTER AND SERVANT 285(5)—CAUSE OF INJURY—QUESTION FOR JURY.

Evidence of the character of the substance that was taken from the employé's eye, in connection with other evidence, makes it a question for the jury whether the substance injuring him was from the defective tools, or from boxing of the car on which he was working.

5. MASTER AND SERVANT 289(10)—INJURY TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE.

An employé injured in using a defective hammer and cleaver, by a piece of steel metal striking his eye, cannot be said as matter of law to have been guilty of contributory negligence; there being evidence that he was without experience in using such tools, was not aware of the danger incident to their use when burred, and used the hammer as directed by his superior.

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Action by Marion Hopson against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Tillman, Bradley & Morrow, of Birmingham, for appellant. Charles A. Calhoun and

John T. Glover, both of Birmingham, for appellee.

BROWN, P. J. The plaintiff, appellee here, while engaged in serving the defendant as an employé, working under one Holstenback, another employé of the defendant, received personal injuries by a piece of metal striking him in the eye and destroying his eye. At the time of the injury, Holstenback and plaintiff were engaged in tearing down old tram cars, and to this end it was necessary to cut the nuts or heads off the bolts that held together the material of which the cars were constructed. This was done by the use of a tool called a cleaver, which was so tempered on the edge end of the tool that it would cut such metals as iron and other metals not casehardened. On the occasion of the injury, the edge of the cleaver was placed on one of the bolts where it protruded through the material of the tram car by Holstenback, and the plaintiff was told to strike the cleaver with a sledge hammer, another tool furnished by the defendant for such use. The first blow of the hammer on the head of the cleaver caused the substance to fly into the plaintiff's eye, with the result above stated.

The only count of the complaint on which the case was submitted to the jury is drawn under subdivision 1 of section 3910 of the Code, and avers that:

"Said wounds and injuries were proximately caused by a defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the defendant, which arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the service of the defendant, intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition, in this, that said hammer or cleaver was defective."

The pleas were the general issue, contributory negligence, and assumption of risk.

[1] The evidence shows without dispute that the hammer and cleaver were tools furnished by the defendant for the use of its employés in its business, and under the law as settled in this state these tools were a part of the defendant's plant. Holland-Blow Stave Co. v. Spencer, 77 South. 65;[1] Sloss-Sheffield Steel & Iron Co. v. Mobley, 139 Ala. 425, 36 South. 181; Huyck v. McNerney, 163 Ala. 244, 50 South. 926; Riddle v. Bessemer Soil Pipe Co., 170 Ala. 559, 54 South. 525; Employers' Liability, Dresser, p. 228, § 46.

[2] There was evidence tending to show that the head of the cleaver was burred, and that the use of a tool of this character with the head burred was attended with danger of injury such as the plaintiff received. The evidence also tended to show that it was customary when the head of a tool became so burred that it was dangerous to be used to have the blacksmith trim the burred particles off and heat the head of the cleaver

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 227.

and reshape it. There was also evidence tending to show that the face of the hammer was defective. Under the evidence, with these tendencies, it was for the jury whether those tools were defective, as averred in the complaint. Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 South. 804; Going v. Ala. Steel & Wire Co., 141 Ala. 548, 37 South. 784.

[3] The evidence was without dispute that Holstenback, who was the plaintiff's boss, selected the tools in question for use on the occasion of the injury; that he was a mechanic experienced in the line of work; that it was his duty to see that the tools were kept in proper condition; and that no duty in respect to keeping these tools in condition rested upon the plaintiff. These facts differentiate this case from the Marbut Case, and under the evidence the question of negligence on the part of the defendant or its servants was one for the jury.

"The duty of supplying a proper appliance was upon the defendant, and the fact that only this defective one was at hand showed prima facie defendant's negligence in that regard." Going v. Ala. Steel & Wire Co.; Sloss-Sheffield S. &. I. Co. v. Mobley, supra.

[4] The evidence showing the character of the substance that was taken from the plaintiff's eye, in connection with the other evidence, made it a question for the jury as to whether the substance that hit plaintiff in the eye and caused his injury was a piece of steel from the cleaver or hammer or was from the boxing of the car.

[5] There was evidence tending to show that the plaintiff was without experience in using such tools as were used on the occasion of the injury, and that he was not aware of the danger incident to their use when they were burred. There is also evidence tending to show that plaintiff used the hammer as he was directed by his superior, and we are not able to say that any one of the defendant's pleas were proven without room for adverse inference. On the whole, the case was one for the jury. Going v. Ala. Steel & Wire Co., supra; Kyzer v. Kaul Lumber Co., 200 Ala. 570, 76 South. 928.

Affirmed.