(108 So. 564)

## SMITH v. KENNEDY. (6 Div. 616.)

(Supreme Court of Alabama. April 15, 1926.)

1. Master and servant ⚖═258(1)—Complaint showing negligent breach of duty to furnish safe appliances held sufficient, though failing to state correct legal conclusions, because omitting word "reasonably" modifying "safe appliances."

Complaint of employee based on failure of employer to furnish reasonably safe appliances, alleging facts sufficiently to show relationship, duty arising therefrom, and negligent breach thereof, held sufficient, though failing to correctly state legal conclusion by use of word "reasonably" in modifying "safe appliances."

2. Pleading ⚖═35.

Where complaint is otherwise sufficient, incorrect legal conclusion therein stated may be considered surplusage not materially affecting pleading.

3. Master and servant ⚖═288(13), 289(8)—Contributory negligence and assumption of risk held for jury under evidence showing employee was assured of safety of rope.

Contributory negligence and assumption of risk held for court sitting as jury, under evidence that employee, though knowing danger from defective rope used in drawing earth from

well, had informed employer thereof, who undertook to remedy it and assured employee thereafter that it was safe.

**4. Trial** ⬥⟶392(2).

Written request for special finding of facts under Code 1923, § 9500, is too late, where not made until after trial and rendition of judgment.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action for damages for personal injuries by Warren Kennedy against W. M. Smith. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Wright & Clark, of Tuscaloosa, for appellant.

The duty of the employer is to furnish reasonably safe appliances, not safe appliances. Labatt, M. & S. 44; Merriweather v. Sayre M. & M. Co., 161 Ala. 441, 49 So. 916; Huyck v. McNerney, 163 Ala. 244, 50 So. 926. An employé assumes all ordinary risks incident to his employment. Gainer v. Southern Ry., 152 Ala. 186, 44 So. 652; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804. Contributory negligence bars a recovery. Coosa Mfg. Co. v. Williams, 133 Ala. 606, 32 So. 232. It is the duty of the trial judge to make a special finding of facts upon written request. Code 1923, § 9500; Pappot v. Howard, 154 Ala. 306, 45 So. 581.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

A pleading is not rendered insufficient because it contains legal conclusions in addition to the facts which are properly pleaded. 21 R. C. L. 441, 442, 450; 31 Cyc. 49, 54, 85; Wells v. Gallagher, 144 Ala. 363, 39 So. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50. It is not necessary to aver the duty of defendant, and, if averred, is a mere conclusion, and surplusage, not vitiating the pleading, even though the conclusion be erroneous. 31 Cyc. 102; Ala. F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541; B. R., L. & P. Co. v. Adams, 146 Ala. 267, 40 So. 385. A servant does not as matter of law assume the risk of injury, nor is he, as matter of law, guilty of contributory negligence, after knowledge of a defect in an appliance, if he has complained of it and the master has assured him that he can proceed without danger. Pioneer M. & M. Co. v. Smith, 150 Ala. 356, 43 So. 561; Southern Ry. v. Howell, 135 Ala. 639, 34 So. 6; Bice v. Steverson, 205 Ala. 576, 88 So. 753; Osborne v. Ala. S. & W. Co., 135 Ala. 571, 33 So. 687. Request for a special finding of facts must be made a reasonable time before judgment rendered. 38 Cyc. 1958.

GARDNER, J. Appellee recovered a judgment against appellant in this action for damages sustained while working in a well being dug on defendant's premises. The cause was tried before the court without a jury.

It is first insisted there was error in overruling demurrer to the complaint.

[1, 2] The two counts of the complaint are based upon the common-law liability of defendant to furnish to plaintiff, the employee, reasonably safe appliances. Huyck v. McNerney, 163 Ala. 244, 50 So. 926. Each count contains the expression that it was "the duty of defendant to furnish safe appliances for said work," rather than the correct qualifying statement, "reasonably safe appliances." It is therefore insisted that these counts were subject to the demurrer interposed thereto. But we are of the opinion the facts alleged in these counts sufficiently show the relationship, the duty arising therefrom, and a negligent breach thereof, all without regard to the incorrect legal conclusion of plaintiff, above noted.

The complaint discloses that plaintiff was employed by defendant to dig the well, and was at the bottom of the well engaged in the work when the bucket used in drawing out the earth fell upon him, breaking his leg; that the bucket fell on account of the rope breaking; that the rope broke as a result of being "old and worn and of not sufficient strength safely to sustain the weight of said bucket," as alleged in count 1, or as in count 2, as a result of the rope being "old, worn, and frazzled"; that defendant knew or should have known the condition of said rope, and negligently used or allowed the same to be used in drawing earth from the well, and the injury to plaintiff followed as a proximate result of such negligence.

We think the facts alleged sufficiently show a breach of the common-law duty on the part of defendant to furnish a reasonably safe appliance for the work, and no necessity existed for the statement thereof by way of legal conclusion. Wells v. Gallagher, 144 Ala. 363, 39 So. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50; B. R. L. & P. Co. v. Adams, 146 Ala. 267, 40 So. 385, 119 Am. St. Rep. 27, 21 R. C. L. 440–442. The complaint being otherwise sufficient, the incorrect legal conclusion therein stated may be considered as surplusage, and as not materially affecting the pleading. 31 Cyc. 102. Reliance is had by appellant's counsel upon Huyck v. McNerney, supra, wherein the court treated count 1 of the complaint. In that case, however, there were no facts alleged as to the condition of the ladder, but only reference thereto as unfit, unsafe, and the like, while here the character of defect was pointed out as well as conditions would permit. There was no reversible error, in overruling the demurrer to the complaint.

[3] It is next urged that defendant was en-

titled to a judgment as a matter of law from the undisputed proof upon the defense of assumption of risk and contributory negligence. The argument rests upon the proof that the defective condition of the rope was known to plaintiff, and he nevertheless proceeded with the work, citing Gainer v. So. Ry. Co., 152 Ala. 186, 44 So. 652; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804, among other authorities.

But this argument overlooks that portion of the evidence for plaintiff to the effect that upon discovery of the defect in the rope defendant undertook to remedy the same by tying a knot in the rope and then assuring plaintiff that it was all right; "to go on down in the well, * * * there wasn't a bit of danger in it," to use the language of the witness. The principle of law applicable under these circumstances is stated in Bice v. Steverson, 205 Ala. 576, 88 So. 753, in the following language:

"In such cases the master and servant do not stand on an equal footing. The duty of obedience and the right to rely within reasonable limits upon the skill and judgment. of the master or his superintendent, presumptively superior to his own, combine to temper the ordinary promptings of prudence and care, and the servant is not bound at his peril to set his own judgment above that of his superior. Ala. S. & W. Co. v. Tallant, 165 Ala. 521, 532, 51 So. 835, citing 2 Labatt on Master and Servant, 2021.

"The question of the servant's negligence in such cases is ordinarily one for the jury, and the test is whether the danger to be encountered was so obvious and so imminent that a person of reasonable prudence would avoid the exposure that must result from obedience."

The rule was held peculiarly appropriate in the Bice Case, where the servant was a boy of 16, and this observation is likewise applicable in the instant case, in which the defendant is of the white race and the plaintiff a negro well digger 65 years of age. The principle is also recognized in Gainer v. So. Ry. Co., supra, cited by appellant, wherein the court said:

"But if the employer undertakes, expressly or impliedly, to remedy the defect and remove the danger within a reasonable time, such an undertaking or assurance is an assumption by the employer of the risk incident to the duties of the employment during such reasonable time, and if the employé is injured in the meantime, by reason of the risk and danger thus assumed by the employer, the latter will be responsible for the injury."

See, also, Pioneer Mining Co. v. Smith, 150 Ala. 356, 43 So. 561; Kaul Lbr. Co. Case, 200 Ala. 570, 76 So. 928.

The questions of contributory negligence and assumption of risk, relied upon as defenses in this cause, were matters for the determination of the trial court (sitting also as a jury) from the evidence adduced.

[4] It is insisted there was reversible error in the failure or refusal of the trial court to enter a special finding of the facts upon defendant's written request. Section 9500, Code of 1923. In Jones v. Hines, 205 Ala. 145, 87 So. 531, we pointed out the effect of the amendment of the statute relating to review where there has been a special finding of the facts, and stated as our conclusion, and as a result of such amendment, that the finding of the court on the facts was subject to review, notwithstanding a special finding of the facts in compliance with the statute. And in the more recent case of Shaw v. Knight, 212 Ala. 356, 102 So. 701, speaking to this question the court said:

"As thus amended and construed, the usefulness of the statute from a practical standpoint may be questioned."

But, all this aside, it appears the request for such finding was not made until after the completion of the trial and rendition of the judgment, and came too late. Our statute is silent as to the time such request is to be made, and we approve the following from 38 Cyc. p. 1959, as applicable thereto:

"Although no time limit is prescribed by statute, a request, to be entitled to compliance, must be made a reasonable time before judgment. * * * When made afterward, the court may, in its discretion, recognize or ignore it."

The case of Pappot v. Howard, 154 Ala. 306, 45 So. 581, cited by appellant, holds nothing to the contrary. There the court made a special finding of the facts on the trial of the cause, which statement was filed with the clerk after judgment was rendered to be incorporated in the minutes, which the clerk inadvertently failed to do. This omission on the part of the clerk was properly held one that could be supplied nunc pro tunc, which was the question there involved. The question as to the time within which request for such finding was to be made was not presented or determined in that case.

Assignment of error numbered 10 is therefore without merit.

Finding no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.