(80 South. 152)

TALLASSEE FALLS MFG. CO. v. TAUNTON.    (5 Div. 280.)

(Court of Appeals of Alabama.   Nov. 26, 1918.)

1. MASTER AND SERVANT ⬅️101, 102(2) — DUTY OF MASTER—SAFE PLACE TO WORK.

Employer's duty to employé is not that of an insurer of safety, his duty being merely to exercise reasonable care to furnish reasonably safe ways, works, machinery, or plant.

2. MASTER AND SERVANT ⬅️258(9)—INJURY TO EMPLOYÉ—PLEADING—PROXIMATE CONSEQUENCE.

In action under Employers' Liability Act, a count alleging negligence of superintendent in causing or allowing defects in the ways, etc., and that employé while within scope of employment and at direction of superior officers of employer was going down inclined way and as a proximate consequence thereof slipped and fell, did not allege that the negligence of the superintendent was the proximate cause of injury.

3. RELEASE ⬅️24(2) — REVOCATION OF AGREEMENT—RETURN OF MONEY.

Injured employé, who has agreed to release employer from liability for injuries, upon revoking agreement and bringing action against employer, must return money received in consideration of agreement.

4. RELEASE ⬅️58(2) — EMPLOYÉ'S ACTION FOR INJURIES—JURY QUESTION.

In employé's action for injuries under Employers' Liability Act, where employé denied employer's allegation that he had received money from employer under contract releasing employer from liability, whether employé had received such money was for the jury.

Appeal from Circuit Court, Elmore County; Gaston Gunter, Judge.

Action by L. A. Taunton against the Tallassee Falls Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. A. Jordan, of Montgomery, for appellant.

Holley & Morrow, of Wetumpka, for appellee.

SAMFORD, J. The complaint is in five counts. Counts 1, 2, and 3 claim for a breach of duty under subdivision 1 of section 3910 of the Code of 1907, and count 4 claims under subdivision 2 of the same section, and count 5 claims for a breach of duty in failing to furnish plaintiff with a safe place in which to work.

[1] Counts 1 and 3 attribute the injury to a defect in the condition of the ways, works, machinery, or plant of the defendant, and allege that it was the duty of the defendant to keep its ways, works, machinery, or plant in a safe condition and free from defects. An employer is only required to exercise reasonable care to furnish reasonably safe ways, works, machinery, or plant. The allegations in counts 1 and 3 raise the duty of the employer to that of an insurer, which is not required. Merriweather v. Sayre Mining Co., 161 Ala. 441, 49 South. 916; Huyck v. McNerney, 163 Ala. 245, 50 South. 926. The demurrer to these counts should have been sustained. Count 2, while describing the place in defendant's factory at which plaintiff was hurt in detail, fails to allege that it was defective. For aught that appears, the place as described might have been in perfect condition and necessary in the operation of defendant's plant. Huyck v. McNerney, 163 Ala. 244, 50 South. 926.

[2] In the fourth count as drawn, after alleging the negligence of a superintendent in "causing or allowing the defects in the ways, works, machinery, or plant of the defendant," the complaint fails to allege that this negligence on the part of the superin-

---

tendent was the proximate cause of plaintiff's injury. The nearest approach to an allegation of proximate cause is as follows:

"That the plaintiff, while engaged in the employ of the defendant company and while acting within the scope of his employment, and while doing what was required of him by the superior officers of the defendant company, was going down said inclined way or walk leading from the waste room in said cotton mill into the shoddy room, and, as a proximate consequence thereof, slipped and fell," etc.

This cannot be taken as an allegation that the negligence of the superintendent was the proximate cause of plaintiff's injury, and hence the demurrer raising this point should have been sustained.

The same reasoning is applicable to the fifth count of the complaint, that count failing to allege that the steep, slick, smooth, worn, and dangerous walk was the proximate cause of plaintiff's injury. Notwithstanding the great latitude recognized in our decisions with regard to allegations of negligence, the appellate courts have never gone to the extent of permitting allegations which admit of uncertainty and duplicity. The demurrer to count 5 should have been sustained.

The two questions raised upon the admissibility of testimony will probably not arise upon another trial of this case, and hence we do not pass upon them.

The court, in its oral charge, charged the jury as follows:

"The defendant says that this money, under this agreement, was received by the plaintiff, and that he had not returned it, and if he was going back upon the agreement that he made to release the company then he must return the money he received under that agreement—under the old theory that a man cannot eat his cake and have it too—if he is going against the contract, he must return the money under the contract. The plaintiff in answer to that says—and that is a question for you to determine also —he says that this money was not received by me, the plaintiff, under this contract of release, because I never knew of any contract of release. This money was paid to me by the company for making a settlement of what I would be satisfied to receive, the wages that I did not earn on account of my injury; they stated that that money was paid to me on that account if I signed this notification to the company, and it was not the consideration for entering into that contract. That brings up another question of fact for you to determine as to what the facts are in reference to what that agreement was.

"Now the damages in this case are not what is called punitive or exemplary damages. They are damages by way of compensation merely, and the damage you would be authorized to allow would be the doctor's bills, medicine bills, the loss of time, and such sum as you might think that you ought to give as a reasonable compensation for the injury, for the pain and

suffering, taking into account whether or not the injury is of a permanent character."

[3, 4] To this excerpt the defendant reserved an exception. This part of the charge, as applied to the facts in this case, is the law, and is in accord with the defendant's contention. The plaintiff denied having received any money from the defendant under a contract of release from liability, and hence that was a question properly submitted to the jury. For the same reason, the affirmative charge, as requested by the defendant, was properly refused.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.