(89 South. 87)

### TALLASSEE FALLS MFG. CO. v. TAUNTON. (5 Div. 340.)

(Court of Appeals of Alabama. Jan. 11, 1921. Rehearing Denied Feb. 1, 1921.)

**Trial ⊚⟲260(1)—Requested charges covered by oral charge need not be given.**

It was not error to refuse charges requested by defendant which were fully covered by the court's oral charge.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action by L. A. Taunton against the Tallassee Falls Manufacturing Company for damages for personal injuries. Judgment for plaintiff, and defendant appeals. Reversed and remanded, but later affirmed to accord with opinion of Supreme Court (206 Ala. 55, 89 South. 86).

The following is count A:

Plaintiff claims of the defendant company the sum of $2,990, damages, for that, on, to wit, the 29th day of June, 1915, the defendant company was engaged in the manufacture of cotton goods at Tallassee, Ala., and that plaintiff was employed by the defendant company to work in its cotton mills at said place, and while so engaged in its employ, and while acting within the scope of his employment, as was required of him by the defendant company, he was going down an inclined walk or way leading from the waste room in said cotton mill into the shoddy room, and as the proximate result of the defective condition of said walk or way slipped and fell, breaking the wrist of his right arm and causing permanent injury thereto. And plaintiff avers that his injuries were caused by the defendant company's negligence, in this, that said inclined walk or way, which was a part of the ways, works, machinery, or plant, was defective, in that it was worn smooth, slick, and dangerous to walk on, and plaintiff avers that this defect arose from, or had not been discovered or remedied owing to, the negligence of the defendant company, or of some person in the service of the defendant company intrusted by it with the duty of seeing that the ways, works, machinery, or plant connected therewith were in proper condition; that by reason of said negligence and as the proximate result thereof the plaintiff received permanent injury, and the wrist of his right arm was rendered useless; that the plaintiff has suffered and is suffering great mental pain and anguish therefrom; that he has expended large sums of money for medical attention, and has been rendered unable to work since said date, all to his injury in the sum aforesaid.

The demurrers referred to are as follows:

There is no causal connection shown between the negligence complained of and the injuries to the plaintiff. The negligence therein alleged is merely a conclusion of the pleader. For that the risk of injury received was an open and obvious risk, as obvious to the plaintiff as to the defendant. It does not appear that defend-

---

[1] 17 Ala. App. 454.

ant owed any duty to the plaintiff which it negligently failed to perform. The facts averred are insufficient as a matter of law to show that defendant was guilty of negligence in failing to provide and maintain reasonably safe ways, works, etc. The count fails to describe a walkway that was not reasonably safe. The allegations that said walkway was worn smooth, slick, and dangerous to walk upon does not describe such a defect under subdivison 1 of the Employers' Liability Act as to render defendant liable to plaintiff for injuries arising therefrom. For that no duty rested on defendant to furnish plaintiff ways, works, or machinery in the proper condition. For that it appears that plaintiff's negligence proximately contributed to his injuries.

The following is count B of the complaint:

Plaintiff claims of the defendant the sum of * * * damages for that on, to wit, * * * the defendant company was engaged in the manufacture of cotton goods at Tallassee, Ala., and plaintiff was employed by defendant company to work in the cotton mills at said place; that the master mechanic, an employee of the defendant, but whose name is unknown to the plaintiff, who was intrusted by the defendant with the duty of seeing that the ways, works, and machinery were in proper condition, negligently caused or allowed an inclined way or walk leading from waste room in said cotton mills into the shoddy room to become defective in this, that it was worn smooth, slick, and dangerous to walk upon; that the plaintiff, while engaged in the employ of the defendant, and while acting within the scope of his employment, and while doing what was required of him by the superior officers or agents of the defendant company, was going down said incline walk or way leading from the waste room to the shoddy room, and as a proximate consequence of the defective condition of said walk or way, as aforesaid, plaintiff fell and broke his arm, and plaintiff avers that the negligence of the master mechanic, as aforesaid, was approximate cause of plaintiff's said injuries.

The sixth ground of demurrer is as follows:

Said count fails to aver that the negligence of the master mechanic arose while in the exercise of the said superintendence.

W. A. Jordan, of Montgomery, and A. H. Davis, of Atlanta, Ga., for appellant.

The appellate court properly held count B bad. 115 Ala. 396, 22 South. 442.

Holley & Milner and George F. Smoot, all of Wetumpka. for appellee.

Count B is framed under subdivision 1, section 3910, and is good. Section 3910, Code 1907; 142 Ala. 119, 37 South. 796.

BRICKEN, P. J. This is the second appeal in this cause. Tallassee Falls Mfg. Co. v. Taunton, 16 Ala. App. 578, 80 South. 152.

When this case was tried again in the lower court, demurrers were sustained to counts 1, 2, 3, 4, and 5 of the complaint in conformity to the opinion rendered by this court.

Thereupon the complaint was amended by adding counts A and B, and demurrers to these counts were overruled, and the case was tried upon counts A and B. The defendant pleaded the general issues in short by consent, with leave to prove any matter that might have been specially pleaded. From a verdict and judgment for plaintiff in the sum of $1,000, this appeal is taken.

The reporter will set out counts A and B and also the demurrers on pages 11 and 12 of this record.

We are of the opinion the ground 6 of the demurrers to count B was good, and should have been sustained. This count was drawn under subdivision 2 of the Employers' Liability Act, and failed to aver that the negligence of the master mechanic arose while in the exercise of his said superintendence. To quote subdivision 2:

"When the injury is caused by reason of the negligence of any person in the service of the master or employer, who has any superintendence intrusted to him, *whilst in the exercise of such superintendence.*" (Italics ours.)

—demonstrates that the count was subject to this ground of demurrer. We cannot assert, as a matter of law, that this ruling did not result in injury to the defendant. We have examined the evidence in the record, and we are not prepared to say that, with count 2 eliminated, the result would have been the same.

There was no error in the portions of the oral charge excepted to, or in the refusal of the court to give the charges requested in writing by the defendant. The oral charge was in conformity with the former opinion of this court.

Charges 5 and 8, requested by the defendant, were fully covered by the court's oral charge. Charge 12, requested in writing by defendant, was faulty, in that it assumed the jury entertained in their minds "considerations of mere sympathy or prejudice for or against either of the parties."

For the error pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

Affirmed June 7, 1921, on authority of Ex parte Taunton, In re Tallassee Falls Mfg. Co. v. Taunton, 206 Ala. 55, 89 South. 86.